# Johnson *v.* The State.

## Indictment for Larceny.

1. *The christian name of the owner must be stated.*—An indictment which does not contain the christian name of the owner of the property stolen, or does not aver that it is to the grand jury unknown, is defective.

2. *A confession alone will not sustain conviction.*—An extra-judicial confession not corroborated by independent evidence of the *corpus delicti,* will not support a conviction for a felony.

3. *A confession must be shown to be voluntary.*—An extra-judicial confession can not be received against the prisoner unless it is shown to be *voluntary,* and this must be determined by the court.

4. *A confession is shown to be voluntary by answers to certain questions.* Whether or not a confession was voluntary, is usually shown by negative answers to questions inquiring if the prisoner had been told it would be better for him to confess, or worse for him if he did not, and the like; but a better test is a fair consideration of the age, condition, situation and character of the prisoner, and all the circumstances attending the confession.

5. *A voluntary confession may be admitted without questions.*—If the confession thus tested is shown to be voluntary, it is not error to admit it, although the preliminary questions, respecting the threats or promises made, may not have been asked.

6. *Hearsay as to ownership of property inadmissible.*—The evidence of a third person that a prosecutor identified the money found on the prisoner as that which had been stolen from her, is mere hearsay, and not admissible against the prisoner; and the absence of the prosecutor from the State at the time of the trial will not render such evidence legal.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The grand jury of Montgomery county, at the February term, 1878, of the City Court of Montgomery, presented this indictment:

"The State of Alabama, Montgomery county. The grand jury of the said county charge, that before the finding of this indictment, Henry Johnson feloniously took and carried away sundry United States treasury notes, greenbacks or national bank notes, the number and denomination of which are to the grand jury unknown, of the aggregate value of thirty dollars, and the personal property of Miss McParthan, against the peace and dignity of the State of Alabama."

To this indictment the defendant pleaded "not guilty."

On the trial of the case, it was proven that Miss McParthan told a policeman that some one had stolen from her about twenty-seven dollars. He immediately arrested the prisoner, and found on his person the sum of twenty-six dollars and eighty-five cents. The policeman testified that the prisoner voluntarily confessed that he had stolen the money from Miss McParthan, and narrated all the circumstances of the theft. To all this testimony the defendant objected, but his objection being overruled by the court, he excepted. The policeman also testified "that he carried the money to Miss McParthan, and that she identified the same as her property which had been stolen." To this evidence the defendant objected, but his objection was not sustained, and he excepted.

Another officer of the police corroborated the evidence of the first witness, and said "that no inducements were offered or used to procure the confession, and that the same was freely and voluntarily made." It also appeared that, at the time of the trial, Miss McParthan had left the State.

The court then charged the jury, "that they could look at all the facts and circumstances, including the confession of the defendant and the identification of the money by Miss McParthan as testified to by the policeman, to ascertain whether the offence was committed, and that if they were satisfied, beyond a reasonable doubt, from the evidence, that the defendant, within the county of Montgomery, and before the finding of the indictment, feloniously took and carried away the money described in the indictment, and that it was the property of Miss McParthan, the person alleged to be the owner thereof, then they were authorized to find him guilty, as charged in the indictment." To this·

charge the defendant excepted, and asked the following charge in writing : " Unless the *corpus delicti* of the offence charged is shown by other evidence than the confessions of the defendant, the jury should find him not guilty." The court refused to give the charge, and the defendant excepted.

B. C. TARVER and JOHN GINDRAT WINTER, for the appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

BRICKELL, C. J.—1. The indictment fails to aver the christian name of the owner of the money charged to have been stolen, and there is no averment that such name is unknown, excusing the omission.—*Morningstar v. The State,* 52 Ala. 405.    The defect compels a reversal of the judgment.

2. The extra-judicial confession of a prisoner cannot be received in evidence against him, unless it is shown to have been *voluntary*—free from the influence of hope or fear, applied to the prisoner's mind by a third person.—1 Green. Ev. § 219 ; *Miller v. State,* 40 Ala. 54.    Whether it was made voluntarily, is a question for the consideration and determination of the court, and is usually shown by negative answers to such questions, as whether the prisoner had been told it would be better for him to confess, or worse for him if he did not ; or whether similar language had been addressed to him.    The better test is a fair and just consideration of the age, condition, situation and character of the prisoner, and all the circumstances attending the confession.    These may satisfy the mind, although the usual preliminary questions are answered in the negative ; that the confession was not voluntary, but sprang from the flattery of hope, or the torture of fear unduly excited.    Or, though these questions may not be answered negatively, the circumstances attending the confession, connected with the character of the prisoner, may clearly indicate that it was spontaneous, and not affected by hope or fear springing from the words or conduct of others.

Though the court did not, before receiving the confessions of the prisoner, propound the usual preliminary questions to the witnesses proving them, we think, under the facts shown, and in the absence of all evidence inducing a contrary opinion, the court was justified in considering the confessions as voluntary.    The witnesses relate all that occurred at the time, and one of them states that no inducements were held

out to the prisoner.   The prisoner was under arrest ; money corresponding very nearly in amount to the amount charged to have been stolen is found on his person, and he admits it to have been stolen from the person who is said to have lost the money, without being informed that he was charged with a theft from her ; and he proceeds to state the circumstances of the theft.   The circumstances indicate as clearly that the confession was voluntary as negative answers to the usual preliminary questions would have indicated, and the City Court was not in error in permitting the confession to go to the jury.

3.   The court erred, however, in receiving evidence that Miss McParthan, after the arrest of the prisoner, identified the money found on the prisoner as hers, and as the money which had been stolen from her.   She was a competent witness, and ought to have been produced to prove these facts.   Her verbal declarations, made in the absence of the prisoner, were mere hearsay, and not competent evidence ; nor did the fact of her absence from the State at the time of the trial relieve them of the character of hearsay and render them admissible.

4.   In *Mathews v. State,* last term, we held, that an extra-judicial confession, not corroborated by independent evidence of the *corpus delicti,* would not support a conviction for felony.   The City Court erred therefore in refusing the charge requested by the prisoner.

For the errors we have noticed, the judgment must be reversed and the cause remanded ; but the prisoner will remain in custody until discharged by due course of law.