# Hall *v.* The State.

*Indictment for Manslaughter.*

1. *Declaration of third person; identifying pistol of deceased.*—On the trial of a prosecution for murder or manslaughter, the defendant can not be allowed to prove the declaration or exclamation of a third person, two days after the homicide, identifying a pistol, which had just been picked up in the locality, as the property of the deceased; the person himself should be called to testify to the fact.

FROM the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

The indictment in this case charged, in the first count, that the defendant, "unlawfully and intentionally, but without malice, killed Robert E. Lewis, by striking him with a rock;" and in the second count, "by striking him with a brickbat." On the trial, as appears from the bill of exceptions, the evidence showed that the defendant, who was a colored boy about eighteen or nineteen years old, was in the employment of one Brock, and engaged in cultivating a small piece of land in corn and peas, while the defendant lived in the outskirts of the town, not more than eighty or one hundred yards distant; that the cattle in the neighborhood had frequently broken into the field which the defendant was cultivating, but, as to whether the cattle of the deceased were among them, "the evidence was conflicting;" that on September 3, 1887, late in the evening, the defendant drove cattle out of his field, and drove them past the house of the deceased, throwing stones or brickbats at them; that some of the stones or brickbats fell in the porch of the house of the deceased, who thereupon came out, and some angry words passed between them; that the defendant went back to his field, followed by the deceased; and that just as the deceased had climbed over the fence, and was inside of the field, "the defendant threw a rock or brickbat at him, striking him on the head, and crushing in his skull," from the effects of which blow the deceased died during the ensuing night,

[Hall v. The State.]

"The defendant proved by one of the State's witnesses, on cross-examination, that on Monday morning after the difficulty, which occurred on Saturday evening, he went to the field in company with two other persons, one of whom was a brother-in-law of the deceased, by name Kernan; that a small deringer pistol was picked up from the ground, "within about three feet of where the deceased was found lying; that said pistol was found to be loaded and cocked, and was handed to said Kernan, who then said, 'This is Bob's pistol.' The court excluded this evidence, on motion by the State, and the defendant excepted. It was shown, also, that said Kernan resides in Anniston, about ten or twelve miles distant from the court-house of the county, but was not present at the trial, and no effort had been made by defendant to procure his attendance."

ELLIS & BROCK, for appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The court did not err in excluding from the jury the testimony of the State witness as to Kernan's declaration identifying the pistol as one belonging to the deceased. This pistol was found on the second day after the homicide, being picked up in the locality where the killing had occurred. The language of Kernan—"This is Bob's pistol"—was no part of the *res gestœ*, or act of killing, which was completed two days previously. It was a mere comment, or observation of a by-stander, as to a collateral fact, and was clearly hearsay. The witness Kernan should have been called into court to testify as to the alleged ownership of the weapon by the deceased.—Wharton's Crim. Law (8th Ed.), § 262-263, 270; *Johnson v. State*, 59 Ala. 37; *Horton v. State*, 53 Ala. 488; *Garrett v. State*, 76 Ala. 18; *Sylvester v. State*, 71 Ala. 17; *Ala. Gr. So. R. Co. v. Hawk*, 72 Ala. 112; s. c., 47 Amer. Rep. 403.

Affirmed.