[Moss v. The State.] ·

# Moss. v. The State.

## Murder.

(Decided December 17, 1914. 67 South. 431.)

1. *Homicide; Evidence; Sufficiency; Degree.*—The evidence exam-ined and held to sustain the finding of the jury that defendant was guilty of murder in the first degree.

2. *Same; Particulars of Difficulty.*—Where it appeared that on the same night of the killing, which happened at a later hour, defendant and deceased had engaged in other altercations, the particulars of the altercations were not admissible.

3. *Same; Res Gestae.*—Neither were such altercations, alleged to have grown out of the refusal of defendant to cash a check for deceased, parts of the res gestæ of the homicile, although the last was about fifteen minutes prior to the homicide.

4. *Charge of Court; Reasonable Doubt.*—A trial court will not be put in error for refusal to charge that if there was one single fact, proven to the satisfaction of the jury, inconsistent with defendant's guilt, it was sufficient to raise a reasonable doubt, and the jury should acquit.

5. *Same.*—A charge that unless the evidence against defendant excluded to a moral certainty every hypothesis or supposition but that of his guilt, the jury should not convict defendant, was properly refused.

6. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by requested charges given.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

J. W. Moss was convicted of murder in the first degree, and he appeals. Affirmed.

The facts sufficiently appear in the opinion. The following were the charges refused.

(36) If there is one single fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(37) The court charges the jury that, unless the evidence against defendant should be such as to exclude to a moral certainty every hypothesis or supposition but that of his guilt of the offense imputed to him, the jury must not convict the defendant.

PROSCH & PROSCH, for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, assistant Attorney General, for the State.

DE GRAFFENRIED, J.—(1) The defendant was convicted of murder in the first degree and was sentenced to the penitentiary for life. This appeal is prosecuted by him for the purpose of reversing the judgment of conviction.

1. The theory of the state was that the defendant was guilty of murder, in that he lay in wait for the

deceased and shot him, inflicting wounds upon him from which he died. Our statute makes this character of homicide murder in the first degree. There was evidence sustaining this theory of the state, and the verdict of the jury indicates that they were satisfied with the truth of that evidence beyond a reasonable doubt.

The theory of the defendant was that he killed the deceased in self-defense. He testified to facts which tended to establish this theory, and there was some evidence tending to corroborate his statements.

A critical examination of this record, however, convinces us that the defendant received in the court below a fair and impartial trial, and we are of the opinion that the judgment of the trial court should be affirmed for the reasons set out below.

2. It appears that the deceased came to his death at a late hour in the night. It also appears that prior to the homicide the defendant and the deceased, on this same night, had engaged in two altercations. These altercations probably grew out of the refusal of the defendant to cash a check for the deceased. The last altercation antedated the homicide about fifteen minutes. At the conclusion of the last altercation, the parties separated, and about 15 minutes afterwards the defendant shot the deceased while the deceased was walking along a street in Bessemer. The tendencies of the state's evidence were that the defendant concealed himslf behind a column and shot the deceased while the deceased was peaceably walking down a street. One of the witnesses for the state described the homicide as follows:

"Mr. Moss, the defendant, shot Will Gray with a shotgun. Will Gray was walking on the streets as defendant shot him; he was doing nothing to the defend-

ant; he was walking on the sidewalk. Going toward First avenue, kind of east, on the left-hand side going east. I was walking just a few steps behind Mr. Gray, going towards First avenue. Mr. Gray was walking next to the building on that side. We were on the left side of Nineteenth street, going toward First avenue. The defendant was standing up there, back there in the front door of the White Front store. That is known as the Barr store. It is a vestibule front. He was standing back in there. Mr. Gray said nothing to defendant before he shot Mr. Gray. William Gray had no weapons, and his hands were by his side."

The defendant claims that he killed the defendant while he was being attacked by the deceased and one Will Moose. On that subject he said:

"Will Gray kept following me up, and I told him not to come any further, if he did I would shoot him, until I got back against the building, and then I could not get any further, and he kept coming, and he made another step and raised his left hand to get my gun, and he had his knife in his other hand, and I threw my gun down on his leg and shot him. When I told him to get back, I had my gun on his body. When he reached for my gun with his left hand, I could see his knife open in his right hand. When I got to the corner of the alley, I saw him coming out of the alley, and he says: 'You God damn old ——! I will get you this time.' And I backed back about 20 feet, and Will Moose kept coming around at his side with his knife in his hand, and he came on around in front of me, and I saw I could not run because I have a crippled leg; I have a stiff ankle. I would run before I would shoot anybody, but I saw he was going to get me anyhow, and threw the gun down on his body, and then

I threw it down and shot his leg. I did not think about his dying from it."

(2) By many questions propounded to several witnesses, the defendant undertook to bring before the jury the particulars of the two altercations or difficulties which the deceased had with the defendant on the night of the homicide and prior to the homicide. This, under well-established rules, the defendant had no right to do.—*Bluett v. State,* 151 Ala. 41, 44 South. 84; *Robinson v. State,* 155 Ala. 45 South. 916; *Patterson v. State,* 156 Ala. 62, 47 South. 73.

(3) The facts in this case do not bring these altercations to which we refer within the res gestae of the homicide, and we do not think that they come within the influence of the doctrine announced in *Glass v. State,* 147 Ala. 50, 41 South. 727. The homicide probably grew out of the bad blood engendered by the altercations, but the altercations were not a part of the res gestae of the homicide.

(4) 3. Charge No. 36, which was asked in writing by the defendant and was refused by the court, was, as applied to the facts set out in the bill of exceptions contained in the record in the case of *Hubbard v. State,* 10 Ala. App. 47, 64 South. 633, held by the Court of Appeals to state a correct proposition of law. This charge was also held to be a correct statement of law by this court in *Roberson v. State,* 175 Ala. 15, 57 South. 829, and in *Simmons v. State,* 158 Ala. 8, 48 South. 606; *Walker v. State,* 153 Ala. 31, 45 South. 640. The above cases were expressly overruled by this court in *Ex parte Davis,* 184 Ala. 26, 63 South. 1010; and the trial court cannot be put in error for refusing to give said charge to the jury.

(5) Charge 37, requested in writing by the defendant, was properly refused. If the charge had been pred-

icated upon every reasonable hypothesis or reasonable supposition instead of upon "every hypothesis or supposition," a different question would be presented to us.—*Crawford v. State*, 112 Ala. 1, 21 South. 214.

(6) 5. The other charges requested by the defendant, which were refused by the court, were duplicated in charges given or were patently bad.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ, concur.