# Daniels *v.* The State.

## *Arson.*

(Decided April 8, 1915.　68 South. 499.)

1. *Arson; Ownership; Burden of Proof.*—The burden is on the state to prove the ownership of the property burned as alleged in the indictment, and the evidence in this case fails to show ownership as so alleged.

2. *Same; Corpus Delicti; Willfulness.*—The corpus delicti consists not only of a building burned, but also of its having been willfully fired, and the burning by accidental or natural causes must be sufficiently excluded to constitute a sufficient proof of the corpus delicti.

3. *Same.*—Evidence as to a defendant's conduct after he was seen by a witness about the time the fire was discovered, in connection with other evidence, was admissible as tending to prove the corpus delicti, and connect him with the crime.

4. *Evidence; Confession; Predicate.*—Where there is any evidence at all that a building was burned by design, although there was evidence tending to show that it was accidental, there was sufficient proof of the corpus delicti to afford the right to lay a predicate for the admissions of confessions by defendant; but where no evidence was offered tending to exclude a theory that the burning was accidental, there was nothing upon which to base admission of confessions, and it was immaterial that defendant offered no objection to testimony as to his conversations the morning after the fire; it being necessary to show his conversation of the afternoon before, in which he exonerated another, in order to justify the admission of the later conversation in this case as a confession.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Buster Daniels was convicted of arson, and he appeals.　Reversed and remanded.

The indictment charges the willful setting fire to or burning a cotton seed house by the burning whereof a cotton house containing cotton was burned, the said cotton seed house and said cotton house containing cotton being the property of W. C. Harrison, Sr.　The evidence tended to show that the house burned was on the Body place owned by W. C. Harrison in the year 1910, at the

time of the fire, and that the first was discovered in the afternoon in the corner of the seed house under the house, and that defendant was at the house at the burning with the crowd, and there was cotton seed in the cotton seed house and cotton in the cotton house, which was burned; that defendant was seen sitting under a mulberry tree, not quite half a mile from the fire, about the time of the discovery of the fire.  The court permitted evidence to be introduced that on the night after the fire defendant came over to a witness' house, and that defendant said that he could clear Sol Rose of the burning, as he was with Rose.  On the next morning, while at the scene of the fire, defendant said to same witness that Sol Rose set the house afire while defendant watched, and that Rose said he reckoned he had gotten even with Capt. Harrison for treating him mean about his crop.

J. M. MILLER, for appellant.  No brief reached the Reporter.

W. L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State.  As to what constitutes the corpus delicti in arson see *Winslow v. State*, 76 Ala. 42.  Under this authority the corpus delicti was sufficiently proven for the admission of a predicate for the introduction of defendant's confession.— 1 Wig. § 6.

BROWN, J.—The burden was on the state to prove the ownership of the property alleged to have been burned as laid in the indictment.—*Martha's Case*, 26 Ala. 72; *Graham's Case*, 40 Ala. 659; *Hannigan v. State*, 131 Ala. 29, 31 South. 89.

There was no proof that the cotton house was the property of W. C. Harrison, Sr., as alleged in the indict-

ment. The only proof on this subject was the testimony of Sadie Russell, who testified "that she lived at the Body place, owned by W. C. Harrison, in 1910," but the evidence nowhere shows, or tends to show, that the cotton house alleged to have been burned was on the Body place, or that the Harrison who owned the Body place was W. C. Harrison, Sr. For all that appears, W. C. Harrison, Jr., who testified as a witness in the case, owned the Body place. The fact that the cotton house was near the residence of the witness Sadie Russell is not sufficient to afford an inference that the cotton house was on the Body place. If the defendant had called this omission in the evidence to the attention of the trial court, as required by the rule 35, circuit court practice, he would have been entitled to the affirmative charge as requested, unless the omission was cured by the introduction of proper evidence, the allowance of which was within the discretion of the court.

"In arson the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by acciden tal and natural causes must be satisfactorily excluded, to constitute sufficient proof of the crime. This degree of proof, though requisite to a conviction, *is not, however, antecedent and necessary to the admissibility of a con fession."—Winslow v. State,* 76 Ala. 42.

When there is any evidence at all, even the slightest tendency, that the burning was by design, although there is other evidence showing or tending to show that it was accidental, this is sufficient proof of the corpus delicti, as affording a predicate for the admission of the defendant's confession.—*Savage v. State, infra,* 68 South. 498; *Winslow v. State, supra; Granison v. State,* 117 Ala. 22, 23 South. 146; *Davis v. State,* 141 Ala. 62, 37 South. 676; *Smith v. State,* 133 Ala. 150, 31 South. 806, 91 Am. St. Rep. 21.

In *Winslow's Case, supra*—"there was evidence" of "a fresh track in the lane leading from the road to the house; that this track and the track of the defendant corresponded; that the fire, when first discovered, was burning on the outside, about six feet from the ground, at a part of the house in which there had been no fire during the night; that the fire occurred about midnight and spread so rapidly that only one bed and bedding were saved."

On this predicate, the court said: "While there was some conflict in the testimony, and there was evidence tending to show that the burning may have been accidental, the evidence tending to show the corpus delicti is sufficient to lay a foundation on which to rest the admissibility of the confessions."—*Winslow v. State, supra.*

The predicate in this case was lacking in one particular only. No evidence was offered tending to exclude the theory that the burning was accidental, and on another trial some proof of this character should be offered before the alleged confession of the defendant is received in evidence; that is, it should be shown, if it be a fact, that prior to the discovery of the fire there was no fire near where the fire was first discovered that was likely to have communicated fire to the house. The court erred in overruling the defendant's objection to the evidence tending to show a confession. It is no answer to this conclusion that no objection was made to the testimony of Croom as to the conversation occurring next morning after the fire, as it was necessary to show the conversation of the evening before to justify the admission of the last as a confession.—*Jones v. State,* 68 South. 690.

Evidence as to the defendant's conduct after he was seen by the witness Scott under the mulberry tree was

admissible, in connection with the other evidence in the case, as having some tendency to prove the corpus delicti and connect the defendant with the arson.

For the error pointed out, the judgment of the law and equity court must be reversed.

Reversed and remanded.