(76 South. 413)

CARR v. STATE. (4 Div. 522.)

(Court of Appeals of Alabama. June 12, 1917. Rehearing Denied June 30, 1917.)

1. ARSON ☞37(1)—PROOF OF CRIME—SUFFICIENCY.

In arson, the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person, and burning by accidental and natural causes must be satisfactorily excluded, to constitute sufficient proof of the crime.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arson.]

2. ARSON ☞37(1)—EVIDENCE—SUFFICIENCY.

In prosecution for arson, evidence *held* insufficient to prove the corpus delicti.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

J. D. Carr, alias Dick Carr, was convicted of arson, and appeals. Reversed and remanded.

O. C. Doster, of Dothan, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. [1] "In arson, the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by ac-

cidental and natural causes must be satisfactorily excluded, to constitute sufficient proof of the crime." Daniels v. State, 12 Ala. App. 119, 68 South. 499; Winslow v. State, 76 Ala. 42. The fire which destroyed the building in this case was discovered about 5 o'clock in the morning of May 5, 1916, and was then bursting through the roof of the building. The only evidence offered by the state to exclude the theory that the building was burned by accidental or natural causes was the testimony of the witness McKnight, who, when recalled, testified:

"I wasn't there the night before. I was there once or twice a day. I had been up there on the evening of the 4th. There wasn't any fire around there at sundown. It was pretty nearly burned up when I got there."

There is no evidence showing whether the market was open the night before, who was in there, when they left, when the market was closed, or whether there was fire in the building at that time.

[2] After careful consideration of the evidence, the opinion prevails that the evidence offered by the state was not sufficient to prove the corpus delicti, and that the defendant was entitled to the affirmative charge. We find no other error in the record.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

PER CURIAM. If the building was willfully fired, the evidence pointed out in the application for rehearing has some tendency to connect the defendant with the burning; but, if the burning was from accidental causes, the circumstances pointed out lose their potency. The state should, on another trial, offer evidence overcoming or tending to overcome the presumption that the fire occurred from accidental causes. See Daniels v. State, 12 Ala. App. 119, 68 South. 499.

Application overruled.