(77 South. 979)

**DEAN v. STATE. (3 Div. 293.)**

(Court of Appeals of Alabama. Jan. 15, 1918.)

LEWDNESS ☞1—ELEMENTS OF OFFENSE.

The statutes directed against the various kinds of adultery and fornication are against a state or condition of cohabitation, the parties intending to continue so long as they choose, as distinguished from a single act of illicit sexual intercourse.

Brown, P. J., dissenting.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Emanuel Dean was convicted of felonious adultery, and he appeals. Reversed and remanded.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. As has been many times declared, the statutes directed against the various kinds of adultery and fornication are against a state or condition of cohabitation, the parties intending to continue so long as they choose, as distinguished from a single act of illicit sexual intercourse. Brown v. State, 108 Ala. 18, 18 South. 811; Hall v. State, 53 Ala. 463.

We have read and re-read the evidence as shown by the bill of exceptions, and, while we do not deem it necessary to set it out in its vulgar detail, we are clearly of the opinion that the evidence offered is not sufficient to establish the corpus delicti. Admitting that one act was proven and corroborated, there is an entire absence of any evidence tending to prove the crime charged.

For the rulings of the trial court in conflict with the foregoing, the judgment is reversed and the cause is remanded.

Reversed and remanded.

BROWN, P. J. (dissenting). It is well settled that when there is any evidence at all having even the slightest tendency to prove the corpus delicti, the case is for the jury. Daniels v. State, 12 Ala. App. 119, 68 South. 499. There was evidence in my opinion clearly tending to prove the corpus delicti—the living together in a state of adultery—and the case was properly submitted to the jury. I am further of opinion that the jury reached the correct conclusion on the evidence, and that the case should be affirmed.

---

(77 South. 979)

**MELTON v. Z. J. FORT PRODUCE CO. (6 Div. 477.)**

(Court of Appeals of Alabama. Jan. 15, 1918.)

APPEAL AND ERROR ☞655(2)—BILL OF EXCEPTIONS—TIME FOR FILING.

Where it affirmatively appears that bill of exceptions was not presented within 90 days from the day judgment was entered, as required by Code 1907, § 3019, it will be stricken on motion.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action between T. O. Melton and Z. J. Fort Produce Company. From judgment, T. O. Melton appeals. Affirmed.

Allen & Fisk, of Birmingham, for appellant. N. L. Steele, of Birmingham, for appellee.

BRICKEN, J. This cause is submitted on motion to strike the bill of exceptions and upon its merits. The motion to strike the bill of exceptions is based upon the grounds that it was not presented to the trial judge within 90 days, as required by law. Code 1907, § 3019. This motion seems to be well taken, and therefore must be granted, as it affirmatively appears that the bill of exceptions was not presented within 90 days from the day on which the judgment was entered. As shown by the record, the judgment in this case was entered on the 28th day of February, 1917, and the bill of exceptions was presented May 31, 1917. Excluding the first day and including the last day, as the law requires, it is shown that 92 days had elapsed, and for this reason the bill of exceptions is stricken. Rice v. Beavers & Co., 196 Ala. 355, 71 South. 659.

The record proper discloses no error of a reversible nature, and therefore the judgment of the lower court is affirmed.

Affirmed.