(81 South. 187)

### SIMMONS v. STATE. (6 Div. 558.)

(Court of Appeals of Alabama. Feb. 4, 1919.)

1. INDICTMENT AND INFORMATION ⟨⟩169 — EVIDENCE ADMISSIBLE.

There is no rule of law or practice that confines the prosecution on the final trial to witnesses or evidence offered before the grand jury, and any competent evidence that tends to support the issue embodied in the indictment is admissible.

2. CRIMINAL LAW ⟨⟩409, 517(3) — CONFESSIONS AND ADMISSIONS—PREDICATE.

Although confessions and inculpatory admissions are not admissible, in absence of evidence tending to establish corpus delicti, evidence of commission of the offense, not by the defendant necessarily, but by some criminal agency, is sufficient for their admission.

3. CRIMINAL LAW ⟨⟩695(5)—SPECIFIC OBJECTION—OTHER GROUNDS—WAIVER.

The defendant, by an objection upon a specific ground stated, waives all others.

4. CRIMINAL LAW ⟨⟩670—EXCLUSION OF EVIDENCE.

Where the relevancy of testimony sought by questions asked on cross-examination, to which objections were sustained, did not appear from the questions, and the court was not informed as to what the answers would be, the ruling was not erroneous.

5. LEWDNESS ⟨⟩11—QUESTION FOR JURY.

Evidence tending to show the relation of intimacy between defendant and his paramour, when taken in connection with testimony showing defendant's inculpatory admissions, held sufficient to justify the submission of the case to the jury.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Jim Simmons was convicted of felonious adultery, and he appeals. Affirmed.

See, also, ante, p. 390, 78 South. 306.

C. E. Mitchell, of Hamilton, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] On the former appeal the judgment of the trial court was reversed, and the cause remanded for a new trial, for the sole reason that the proof as disclosed by the record was not sufficient to warrant the defendant's conviction. Simmons v. State, 78 South. 306.[1] On the second trial the state offered a number of witnesses that were not examined on the first trial. Some of the witnesses offered by the state on the second trial were not before the grand jury that returned the indictment. This fact was made the basis of an objection to their testimony by the defendant. There is no rule of law or practice that confines the prosecution on the final trial to witnesses or evidence offered before the grand jury, and any competent evidence that tends to support the issues embodied in the indictment is admissible.

[2] During the examination of the witness Kerr, offered by the state to prove an inculpatory admission made by the defendant, the bill of exceptions states that—

"The defendant objected to the evidence of an alleged confession of defendant, because he had not been proven guilty of any offense, and the alleged confession was illegal and not admissible."

This objection is based on a misconception of the rule that excludes confessions and inculpatory admissions in the absence of evidence tending to establish the corpus delicti —the commission of the offense, not by the defendant necessarily, but by some criminal agency. Daniels v. State, 12 Ala. App. 119, 68 South. 499.

[3] By assigning this specific ground of objection, the defendant waived all others, and the ground stated was properly overruled. A. G. S. R. R. Co. v. Bailey, 112 Ala. 167, 20 South. 313; Birmingham Fuel Co. v. Stocks, 14 Ala. App. 136, 68 South. 568.

[4] The relevancy of the testimony sought to be elicited by the questions asked the witness Daughtrey on cross-examination, to which objections were sustained, does not appear from the questions, nor does it appear that the court was informed as to what the answer of the witness would be. Therefore it does not appear that the ruling of the court was erroneous. Brent v. Baldwin,

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 390.

160 Ala. 635, 49 South. 343; Sloss-Sheffield S. & I. Co. v. Sharp, 156 Ala. 284, 47 South. 279.

[5] The evidence tending to show a relation of intimacy between the defendant and the Metcalf woman, when taken in connection with the testimony showing inculpatory admissions made by the defendant, was sufficient to justify the refusal of the affirmative charge and the submission of the case to the jury. Brown v. State, 108 Ala. 18, 18 South. 811; Hall v. State, 53 Ala. 463; Fortner v. State, 12 Ala. App. 179, 67 South. 720.

There is no error in the record.

Affirmed.