(81 South. 198)

UPSHAW v. STATE. (3 Div. 332.)

(Court of Appeals of Alabama. Feb. 11, 1919.)

1. CRIMINAL LAW ⟨key⟩517(2)—CONFESSION OF DEFENDANT.

In a prosecution of an employé of a railroad company for larceny, the testimony of a special agent that defendant admitted he received the money for the property stolen and divided it with another employé tended to prove the corpus delicti, and was properly admitted.

2. CRIMINAL LAW ⟨key⟩792(2)—EVIDENCE—INSTRUCTIONS—CONFEDERATES.

Where the evidence showed that the defendant and another employé were confederates in the commission of the larceny, a charge that, 'if the jury believed the other employé delivered the goods to a drayman when defendant was not present, they could not convict the defendant, was properly refused.

3. LARCENY ⟨key⟩68(1)—QUESTION FOR JURY.

In a prosecution of employé of a railroad company for larceny of goods from company's warehouse, where there was evidence of a confession by defendant receiving the money for the goods stolen and dividing with another employé, there was a question for the jury, and the affirmative charge was properly refused.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Milton Upshaw was convicted of larceny, and he appeals. Affirmed.

The witness Yates testified that he was a special agent of the Western Railway of Alabama; that the railroad maintained a warehouse in Montgomery county, Ala., and that there was missing from the warehouse, after they had been put in the warehouse the following articles: A case of overalls valued at $25, a barrel of sugar valued at $30, and a case of shoes valued at $50; that Upshaw and Benjamin were employed by the Western Railroad, Benjamin as transfer clerk and Upshaw as helper. Further testifying, he said

that he had a conversation with Benjamin in the presence of Upshaw, and that he made no threats or promises and offered no inducement to either, and that Upshaw said that he got the money for this property and split 50-50 with Benjamin.

Following is charge 6:

If you believe from the evidence that Benjamin delivered the box to the drayman, and that the defendant was not present there when the box was removed, you cannot convict the defendant.

Charge 4 was the affirmative charge to find for the defendant.

W. R. Brassell and Brassell & Brassell, all of Montgomery, for appellant.

Emmett S. Thigpen, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The testimony of the witness Yates clearly tends to prove the corpus delicti, and the evidence of this witness as to the confession of the defendant was properly admitted. Daniels v. State, 12 Ala. App. 119, 68 South. 499; Simmons v. State, ante, p. 645, 81 South. 137.

[2] The evidence offered by the state tends to show that the defendant and Benjamin were confederates in the commission of the offense, and charge 6 was properly refused.

[3] The evidence in the case authorized the submission of the issues to the jury, and charge 4 was properly refused.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.