(93 South. 272)

### JACKSON v. STATE. (8 Div. 851.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Criminal law ⚛═763, 764(24)—Instruction held invasion of jury's province.

Instruction that, "If there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit him," held to invade the province of the jury.

2. Arson ⚛═41—Instruction held misleading.

In prosecution for arson, instruction that: "You have a right to consider, if proved by the evidence, the distance from where defendant lived to the place where the fire occurred, and the time he left; if there is a probability of defendant's guilt after considering all the evidence, you can acquit the defendant," held misleading.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Charley Jackson was convicted of arson in the first degree, and he appeals. Reversed and remanded.

The evidence tends to prove the fact that an inhabited house burned, but there is very little, or any, evidence to show that the fire was otherwise than of accidental origin. There was some evidence showing the proximity of defendant, and some effort to show remarks made by him relative to the fire.

The following are the charges refused to the defendant deemed necessary to be set out:

(1) "You have a right to consider, if proved by the evidence, the distance from where defendant lived to the place where the fire occurred, and the time he left; if there is a probability of defendant's guilt after considering all the evidence, you can acquit the defendant."

(6) "If there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit him."

Simpson & Simpson, of Florence, for appellant.

The court erred in refusing charge 6. 16 C. J. 763; 9 Ala. App. 21, 64 South. 170. The court erred in refusing charge 1. 50 Fla. 94, 39 South. 155; 106 Ala. 30, 17 South. 456; 115 Ala. 42, 22 South. 554; 69 South. 425. The defendant was entitled to the affirmative charge for failure to prove the corpus delicti. 76 Ala. 47; 55 Ala. 187.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. We have carefully read and considered the testimony in this case, and have arrived at the conclusion that, independent of the vague, indefinite, and unsatisfactory alleged confession, there is not enough evidence to warrant the jury in finding that the corpus delicti had been proven. Carr v. State, 16 Ala. App. 176, 76 South. 413; Daniels v. State, 12 Ala. App. 119, 68 South. 499; Braxton v. State, 17 Ala. App. 167, 82 South. 657.

[1] Charge 6 is invasive of the province of the jury. The cases cited in appellant's brief have been overruled. Ex parte Davis v. State, 184 Ala. 26, 63 South. 1010; Moss v. State, 190 Ala. 14, 67 South. 431.

[2] The principles of law embraced in charge B, were fairly covered by given charges L, 1, and A and by the general charge of the court.

Charge 1 is misleading.

For the refusal of the court to give at the request of defendant the general affirmative charge, the judgment is reversed, and the cause is remanded. Harden v. State, 109 Ala. 50, 19 South. 494.

Reversed and remanded.