(93 South. 230)

### JONES v. STATE. (8 Div. 894.)

(Court of Appeals of Alabama. June 20, 1922.)

Arson ⊚⟶37(1)—To prove corpus delicti, necessary to show building willfully fired by responsible person.

To prove the corpus delicti, it is necessary to show that the building in question was willfully set on fire by a responsible person.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Burnie Jones was convicted of arson in the second degree, and he appeals. Reversed and remanded.

A. H. Carmichael, of Tuscumbia, and Andrews & Peach, of Sheffield, for appellant.

The corpus delicti must be shown, before confessions are admissible. 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33; 76 Ala. 42; 55 Ala. 187; 141 Ala. 62, 37 South. 676.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The corpus delicti was shown sufficiently, and under the evidence became a jury question. 55 Ala. 187; 100 Ala. 94, 14 South. 868; 16 C. J. 737; 109 Ala. 50, 19 South. 494; 141 Ala. 62, 37 South. 676.

BRICKEN, P. J. The indictment charged that the defendant willfully set fire to or burned an uninhabited dwelling house of Tolbert Bates, in which there was at the time no human being. This constituted a charge of arson in the second degree under our statute. In arson, the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by accident, or natural causes, must be satisfactorily excluded, to constitute sufficient proof of the crime. Carr v. State, 16 Ala. App. 176, 76 South. 413.

In the instant case this court, sitting in banc, has considered this record, and the evidence adduced upon this trial falls far short of the required rule. After a careful consideration of the evidence, we are unanimously of the opinion that the evidence offered by the state was not sufficient to prove the corpus delicti, and that the defendant was entitled to the affirmative charge. This is, of course, conclusive of this appeal, and renders unnecessary a discussion of the many insistencies of error by counsel for appellant.

Reversed and remanded.