142 So. 841

## WILLIAMS v. STATE.

### 7 Div. 863.

Court of Appeals of Alabama.

June 21, 1932.

Hugh Reed, of Center, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

This appellant was convicted under an indictment which charged him with the of-

fense of transporting in quantities of five gallons or more certain liquors or beverages, the sale, possession, or transportation of which is prohibited by law in this state. Acts 1927, p. 704.

In the lower court the trial proceeded throughout without objection or exception. Able counsel, who represents appellant here, makes it known to the court he was not of counsel upon the main trial of this case in the court below, but did represent the defendant on his motion for a new trial, and the insistence is made that error prevailed in the action of the court denying said motion. This is the only point of decision upon this appeal, and is properly presented.

The evidence without dispute established the corpus delicti, as the officers captured an automobile in which there was being transported along the highways 70 gallons of whisky. The driver, who was alone in the car, escaped. The only inquiry, therefore, upon the trial below, was as to the identity of the person who was driving the car containing the 70 gallons of whisky. Upon this question the evidence was in sharp conflict. There was also some dispute as to the particular night of the commission of the offense. The defendant, appellant here, testified and offered testimony of numerous other witnesses which tended to show that he was at another place attending a party at the time in question, and he strenuously insisted he was not the man in the car, but admitted that the car in question belonged to him. He testified that when he, with several others of his family, left for the party in another car, this Chevrolet car of his was in the yard at his home, and upon returning home he discovered it was gone, and also a young man who had been spending two or three days at the house was also missing. He testified that he went out immediately in search of his car, and, failing to find it, returned to his home that night, and was at his home at the time the officers apprehended the car with the whisky. He also testified that on the next morning he went to Piedmont and reported the theft of the car to the people from whom he had bought it about a week before, and who had it insured, etc.

The state witnesses, however, the sheriff and his deputy, testified that this appellant was the man driving the car. The sheriff said: "I saw the defendant in the car at that time, there was no one in the car with him; I did not arrest the defendant then, he ran off. This defendant was arrested about 30 or 40 days ago." The deputy sheriff testified likewise.

The foregoing controverted question was, as stated, the controlling inquiry upon the trial, and, under the conflicting evidence, was, of course, for the jury to decide.

We are of the opinion there was no abuse of discretion indulged by the court in disallowing the case to be opened for further testimony after the case had been closed and arguments of counsel completed. The proceedings in equity involving the condemnation of the car were offered on the question of the true date the car was seized with the 70 gallons of whisky. On this question there was some conflict. Witness Snead for the state testified, "it was on Christmas Eve night a year ago I believe." And, upon being recalled, Sheriff Mitchell stated: "I am not just sure what night this was, it was right along about Christmas eve night in 1929. I can consult the register and tell exactly." The defendant's contention was, and he and his witness testified, the night in question was January 30, 1930.

Appellant practically concedes there was no abuse of discretion by the court in declining to reopen the case for the purpose stated, but earnestly insists that upon the hearing of the motion for a new trial the court should have granted the motion because of the allegation in the equity proceedings which corroborated the testimony of the defendant on the point involved. We do not concur in this insistence. First, the matter, if admissible at all, was merely cumulative, and it is well settled a new trial will not be granted on the ground of newly discovered evidence which is merely cumulative. Moreover, it was not disputed that the car seized by the officers which contained the large quantity of contraband liquor was that of the defendant, and that but a single seizure was relied upon; therefore, either of the dates of seizure in question being within the time covered by the indictment, the particular night of seizure was immaterial.

The case was one of fact. We think the jury were authorized under this evidence to return the verdict of guilt. They were the sole judges of fact, and it was their province to accord such weight to the evidence as their judgment dictated. The defendant was accorded a fair and impartial trial, free from reversible error. It follows that the judgment of conviction from which this appeal was taken must be affirmed.

Affirmed.