35 So.2d 624

### TURNER v. STATE.

6 Div. 490.

Court of Appeals of Alabama.

June 1, 1948.

Davis & Bealle, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty Gen., and Richard S. Brooks, Asst. Atty Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for arson in the first degree, this appeal was taken, and is rested upon the one proposition to the effect that the State failed to meet the burden of proof necessary to a conviction. This proposition is presented in every possible manner.

This court, as the law requires, has given careful and attentive study and consideration to the entire record, including all the evidence adduced upon the trial, and also the almost countless exceptions reserved to the rulings of the court.

The manner in which the case was tried manifests a wonderful and unparalled degree of patience upon the part of the learned trial Judge. The examination of the two principal witnesses, the alleged injured parties, consumed forty-four typewritten pages of the transcript. And the examination of the other witnesses for the State was bad in like manner.

At the conclusion of the State's case, the defendant also rested, and offered no evidence.

The dwelling house in question, purportedly owned by the named injured parties, was, without dispute, totally destroyed by fire on the forenoon of January 17, 1947.

The only incriminating fact adduced upon the trial was a statement alleged to have been made to the two named injured parties (as testified to by them) by the defendant, wherein in answer to a statement by State witness Vick, viz.: "You and Bill done a nice job on burning those houses," to which defendant is alleged to have replied: "Yes, we sure did."

The insistence by the State is that said statement was a confession. If it could be so properly termed, yet it would not be admissible in the absence of sufficient legal evidence of the corpus delicti; and after a consideration of the entire evidence, as stated, we are unable to find any evidence tending to show that this defendant, or anyone else had wilfully set fire to, or burned, or caused to be burned, the build-

ing in question. This being true, even if the quoted statement could properly be termed a confession, this alone would not suffice, or be sufficient to establish the corpus delicti.

The law and established rules involved in this case are so well settled and understood, we see no necessity to restate, or reiterate these simple propositions. Carr v. State, 16 Ala.App. 176, 76 So. 413; Colvin v. State, 247 Ala. 55, 22 So.2d 548; Jones v. State, 18 Ala.App. 609, 93 So. 230; Matthews v. State, 55 Ala. 187, 28 Am.Rep. 698; Johnson v. State, 59 Ala. 37.

■■ Human liberty is too sacred and has been too dearly bought to authorize a conviction except upon legal evidence connecting the defendant with the commission of a crime, and that beyond a reasonable doubt. Facts which would warrant a suspicion however strong do not overcome the presumption of innocence. In this case, under the evidence, the defendant should have been acquitted and the court erred in overruling defendant's motion to exclude the State's evidence, and also in refusing to defendant the affirmative charge which was duly requested.

The judgment of conviction, from which this appeal was taken, is reversed, and a judgment here rendered in favor of the appellant discharging him from further custody in this proceeding.

Reversed and rendered.