64 So.2d 602

## LANCASTER v. STATE.

### 8 Div. 189.

Court of Appeals of Alabama.

Feb. 10, 1953.

Rehearing Denied March 3, 1953.

E. C. Nix, Decatur, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The accused in this case is charged with the offense of living in adultery. Title 14, § 16, Code 1940.

The cause below was tried by the court without a jury and resulted in a judgment of conviction.

We will not enter into a detailed delineation of the evidence.

It appears that the appellant, a married man, professed to be a preacher or leader of a doctrine which he claimed was based on

Biblical authority. One aspect of this dogma was that each follower had the divine right to have a "spiritual wife." So the accused selected or chose Lula Owen, a single woman aged 22, as his spiritual mate.

The defendant disavowed that he ever had sexual relations with this woman. In fact, he contended that his faith or belief did not contemplate such intimacy.

The evidence for the state, however, presented an entirely different set of circumstances. According to the testimony in this aspect, the appellant and the young woman in question spent the night together in a private room and occupied the same bed on several occasions. There was other evidence which tended strongly to sustain the judgment of conviction.

█ In the state of the factual record, we certainly would not be authorized to disturb the judgment of the trial judge. Bodiford v. State (Bodifield v. State), 86 Ala. 67, 5 So. 559; Brown v. State, 31 Ala.App. 233, 14 So.2d 596; Simmons v. State, 16 Ala. App. 645, 81 So. 137; Cole v. State, 17 Ala. App. 488, 86 So. 124.

█ The appellant was not represented by counsel at the trial below. After he had been adjudged guilty by the court, an attorney filed a motion for a new trial. In the main, the grounds of the motion were newly discovered evidence.

Each witness who testified on the hearing on the motion had testified on the main trial. With one exception these parties did not vary their prior testimony. One witness attempted to repudiate her previous statements in some aspects.

The action of the trial judge in denying the motion comes under the influence of the following authorities: Welch v. State, 28 Ala.App. 273, 183 So. 879; Davis v. State, 29 Ala.App. 421, 198 So. 153; Williams v. State, 245 Ala. 32, 15 So.2d 572; Williams v. State, 25 Ala.App. 186, 142 So. 841.

There is no error appearing in the record. The judgment below is ordered affirmed.

Affirmed.