256 So.2d 920

**Ronald McCAY, alias**

**v.**

**STATE.**

**6 Div. 136.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

Rehearing Denied Nov. 2, 1971.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

Nicholson, Forstman & Howard, Birmingham, T. Edd Snoddy, Double Springs, for appellant.

PRICE, Presiding Judge.

The indictment charged Ronald McCay with second degree arson in the burning of the store of Ray Wadsworth, at Arley, Alabama. Defendant was convicted and sentenced to the penitentiary for seven years.

In response to the question, "Did you own a store over there in the month of

May of this year?" Ray Wadsworth answered, "Yes, sir."

■ Defendant first insists that such testimony fails to prove that the witness owned the store on May 15, 1969, the date of the fire. Mr. Wadsworth also testified that when he was awakened, "I jumped up and looked out of the window and saw *my store* was completely on fire inside." The witness was again asked on direct examination, "Were you running that store solely by yourself?" He replied, "I am the sole owner." This testimony was sufficient to prove ownership of the store.

Mr. Wadsworth testified he was awakened by the blast of an air horn from a truck at approximately one o'clock a. m. The store doors were locked but he was able to unlock the door and remove from a fire proof vault a typewriter and cash register. When the Jasper Fire Department arrived the building had burned completely. Around 7:30 or 8:00 A.M., he was able to examine the door on the east side of the store. The door had burned but the door jamb was still standing and the lock was on the ground. The lock "looked like it had been 'prized' on." Inside the store after the fire he had found a gas can of a type not sold in his store. The can had not been in the store before the fire. However, he stated on cross examination he had never seen the can in defendant's possession. He also stated on cross examination that the door from which the lock had fallen opened to the inside and shopping buggies parked in front of the door inside the store were still there after the fire.

Darrell Fitts, Deputy State Fire Marshall, testified he examined the Wadsworth store the morning after the fire. Examination of the main fuse box revealed that the fuses were burned out by the fire, but there were no signs of any electrical short running back to the box. However, he did not trace the electrical wiring in the store because generally if there is a short it will show up at the fuse box, and it all looked as if there was a natural burning. There were numerous pieces of equipment run by electric motors in the store.

Mr. Burton Ory testified he and defendant worked at the same place. Ten days or two weeks after the fire he had a conversation with defendant at his home, in which conversation defendant said he had something to show him and brought out some watches and a box containing about a thousand rifle shells of different caliber, and wanted to sell them to witness. Ory bought three of the watches, a man's Timex watch and two Westclox ladies' watches. He paid defendant twenty dollars for the shells and watches and brought them to Dorthen Wadsworth. Defendant told Mr. Ory he took the articles from Ray Wadsworth's store before he burned it. Mr. Ory stated that in answer to his question why he burned the store defendant said he had already gotten everything he wanted out of it and that he got seven or eight hundred dollars for burning it.

On cross examination Mr. Ory answered the following question in the affirmative: "Did you have any agreement whereby you would obtain information on Mr. McCay and come back and 'rat' on him to Wadsworth or to the Sheriff?" He also stated that he had an agreement with Mr. Wadsworth that if he obtained merchandise from Ronald McCay Mr. Wadsworth would pay for it.

Dorthen Wadsworth, Ray Wadsworth's brother, testified that in May Burton Ory brought a box to his house, which contained watches and shells, and that he turned these articles over to Ray Thomas and Milt Chambless. On cross examination he stated Burton Ory had told him he might be able to buy or help find some of the merchandise supposed to have been stolen from the store, and witness told him if he could buy some of the merchandise taken or stolen from the store it would be helpful in convicting. He did not promise to pay Ory for the merchandise and did not pay him.

Mr. Edward Waid testified that about two or three weeks after the fire in Mr. Wadsworth's store he and his brother went to see defendant; that shortly before they left he paid defendant forty-five dollars for eight new Timex and Westclox watches. Mr. Ray Wadsworth identified one of the watches purchased by this witness from accused as one which had been in his store and had not been sold. He was unable to testify positively the watch was in his store the day before the fire. He identified the remaining watches as being the same make and model as those sold in his store. Mrs. Wadsworth testified the child's watch previously identified by Mr. Wadsworth was in the store the day before the fire. The watch was introduced in evidence.

Witnesses for defendant testified the accused had returned from Birmingham with Burton Ory on May 15, 1969, and was asleep at home at the time the fire is reported to have been started. Mr. Ory had testified for the state that he went to Birmingham with the accused the afternoon before the fire, but that he returned to Arley alone. Mr. Ory stated that when he went by defendant's home to pick him up for work the morning after the fire the accused told him if anyone asked, to tell them he came back from Birmingham with him the night before.

The defendant testified in his own behalf that he had gone to Birmingham with Burton Ory on May 15, 1969, and they returned together around 4:00 or 4:30 P.M. He denied that he had sold any merchandise to Ory or Edward Waid or that he had asked Burton Ory to tell that he came from Birmingham with him. The defendant stated he had bought a lot of rifle shells from Ray Wadsworth and that he had purchased two Timex watches from Wadsworth, one of them in December, 1968.

In Daniels v. The State, 12 Ala.App, 119, 68 So. 499, the court said:

" 'In arson the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by accidental and natural causes must be satisfactorily excluded, to constitute sufficient proof of the crime. This degree of proof, though requisite to a conviction, *is not, however, antecedent and necessary to the admissibility of a confession.*' " Winslow v. State, 76 Ala. 42.

"When there is any evidence at all, even the slightest tendency, that the burning was by design, although there is other evidence showing or tending to show it was accidental, this is sufficient proof of the corpus delicti, as affording a predicate for the admission of the confession."

█ There was sufficient evidence that the fire was of incendiary origin to admit the confession.

█ The evidence, including that showing that defendant was found in possession of articles taken from the burned store, was sufficient to sustain the conviction.

█ We find no merit in defendant's contention that the court erred in admitting defendant's confession to Burton Ory without first showing that defendant was warned of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Defendant was at his own home, was not in police custody and the statement was not made to an officer of the law.

We find no reversible error in the record.

The judgment is affirmed.

Affirmed.