This is a consolidated appeal of two cases between the same parties, one in which defendant was convicted of murder in the second degree and sentenced to imprisonment for thirty years, the other in which he *Page 814 
was convicted of arson in the first degree and sentenced to imprisonment for ten years. The cases were consolidated for trial on motion of defendant.
The cases arose out of the same incident and surrounding circumstances as Johnny Lee Scruggs, alias, Ala.Cr.App. (2 Div. 246, Ms. Oct. 16, 1979), in which a conviction of murder in the first degree was affirmed.
In Scruggs, supra, and in the instant case, the victim of the alleged murder was Anthony Scruggs, otherwise known as Otney Scruggs, the father of Johnny Lee Scruggs. As stated inScruggs, supra, and as shown by the undisputed evidence in the instant case, during the night of January 2-3, 1979, the house in which Johnny Lee Scruggs and his father lived, a rural residence in Dallas County known as Route 1, Box 395, Selma, was burned to the ground. An intensive investigation was commenced early the next morning, and it was scientifically determined that a body found in the ashes was that of Anthony Scruggs and that his death was caused by No. 4 shot fired from two shells of a .12 gauge shotgun.
The evidence for the State in both cases consisted largely of testimony of the same witnesses, whose testimony was summarized in Scruggs, supra, which will not be repeated here. It should be stated that, in Scruggs, reference was made to Sam Sanders as a companion of Scruggs on the night of the fire and death of Anthony Scruggs. Sam Sanders is the same person as Sam Smiley, appellant in the two cases now before us. There was no evidence on behalf of defendant on the trial of Scruggs or on the trial of appellant herein.
On the trial of Scruggs the State offered a lengthy statement made by him, and on the trial of Smiley the State offered a lengthy statement made by him. In the statement of Scruggs, he admitted his presence at the home of his father and himself at the time his father was killed and the fire was started immediately thereafter, but he said in effect that Smiley shot his father and started the fire. In the statement of Smiley introduced in evidence on his trial, he admitted his presence at the house at the time it was set on fire and at the time of the death of Anthony Scruggs, but he said in effect that Johnny Lee Scruggs set the house on fire and killed Anthony Scruggs.
To portray the circumstances, we need only to refer to those stated in Scruggs, supra, that show a participation by both Smiley and Johnny Lee Scruggs in procuring the shotgun and shells with which Anthony Scruggs was killed, procuring a gasoline can and some gasoline with which the fire was started, their Siamese behavior for hours before the crime and for hours thereafter, without any complaint or report by either as to the horrible crime that he claimed the other had committed and with pretense that they were looking for one whom they knew to be dead, and to say that substantially the same circumstances are to be found in the evidence presented in the cases now under review.
In the lengthy statement of Scruggs and in the lengthy statement of Smiley, each attempted to explain his failure to prevent the murder and the arson and his failure to report it by reason of physical fear of the other. In the instant cases, the jury evidently viewed the explanation as transparent, as the jury did in Scruggs, supra. That the jury in the instant cases may not have been satisfied beyond a reasonable doubt that Smiley pulled the trigger and set the fire with his own hands, just as the jury in Scruggs may not have been satisfied by the evidence beyond a reasonable doubt that Scruggs did so, it was fully justified in being convinced beyond a reasonable doubt that one of them did so and that the other was an accomplice. We agree with the conclusion of the trial court in overruling defendant's motion to exclude the evidence on the ground that a "mere scintilla of evidence in view of the presumption of innocence is insufficient." The trial court aptly said:
 ". . . There's more than a scintilla of evidence here. The mere statement of this Defendant standing alone might fall under that category, but when you have witnesses to take the stand and do violence *Page 815 
to that statement of the Defendant by saying that he and Johnny Lee Scruggs, after the fire, went around looking for Otney, that coupled with evidence about buying the shotgun shells and so on, I think makes a sure question out of it. This jury could find that Johnny Lee Scruggs was the principal movant, in this thing, but this man aided and abetted him with knowledge of everything Johnny Lee Scruggs was going to do and in fact did do.
 "I just feel this is something I can't take away from the jury. I would be invading their province to overlook that much evidence. The motion will be overruled."
In relying upon the proposition that proof of the corpusdelicti must be shown by independent evidence before any confession or inculpatory statement may be admitted in evidence against defendant (Gamble, McElroy's Alabama Evidence § 200.13), he says that no such proof of arson was made before defendant's inculpatory statement was admitted in evidence. He concedes that there was evidence of the fire that destroyed the house but says there was no substantial evidence of arson at the time of the admission of the inculpatory statement as to the crime of arson. We agree that mere proof of the burning of the building is insufficient to show the corpus delicti and that in order to prove corpus delicti the evidence must show that the fire originated by criminal agencies and not by accidental or natural causes. Carr v. State, 16 Ala. App. 176,76 So. 413 (1917); Lowery v. State, 38 Ala. App. 505,88 So.2d 854 (1956). The corpus delicti can be proved by circumstantial evidence. Cunningham v. State, 14 Ala. App. 1, 69 So. 982
(1915); Whatley v. State, 37 Ala. App. 706, 75 So.2d 182 (1954).
Prior to the introduction in evidence of defendant's inculpatory statements, there had been testimony by four witnesses who participated in the investigation of the fire the day after it occurred. According to their testimony as a whole, a man had been killed by two blasts from a .12 gauge shotgun a short time before his dwelling was burned down on him. That his death was not self-inflicted was reasonably assured by the fact that the gun that killed him was not in the house at the time of the fire. The evidence that he was the victim of a homicide prior to the fire was strong, if not absolutely conclusive. The finding by the witnesses of a gasoline can in the ruins of the fire was an additional circumstance that pointed to the only reasonable conclusion from the circumstances as a whole, that is, that the person or persons guilty of killing Anthony Scruggs wilfully set fire to the house, and thereby committed arson, to cover up the homicide. There was ample evidence of the corpus delicti of arson, prior to the admission in evidence of defendant's inculpatory statements.
At the time defendant was sentenced in the two cases, defendant requested that the court order that the sentences would run concurrently. The court declined to do so.
In contending that the sentences should have run concurrently, appellant relies upon cases in this Court in which convictions for two crimes and sentences thereon were allowed to stand, but the sentences were ordered to run concurrently, on the theory that one crime only had been committed and that to permit the sentences to run consecutively would constitute a violation of the constitutional prohibition against double jeopardy. See Burress v. State, 56 Ala. App. 414,321 So.2d 752 (1975); Bibb v. State, Ala.Cr.App.,352 So.2d 840, rev'd, Ala., 352 So.2d 842 (1977) and cases cited therein. We find no basis whatever for holding that there were not two separate and distinct crimes, an unlawful homicide and arson committed in the two cases now before us. Frequently there are cases in which the commission of each of two crimes is so closely related to the other in time and place, and in elements common to both, that difficult questions are presented as to whether they can be so separated as to give rise to two separate cases, convictions and punishment without violating the constitutional prohibition against double jeopardy, but here the question is not difficult. The *Page 816 
intent to kill Anthony Scruggs was different from and unrelated to the intent to set fire to the house. The means of accomplishing the homicide was different from and unrelated to the means of accomplishing the arson. The acts and conduct that accomplished both constituted two separate and distinct criminal offenses.
Perhaps we should note that the record indicates that the sentence for murder was imposed prior to the sentence for arson, so as to avoid any confusion as to when each sentence commenced.
We have discussed all issues raised by appellant, have searched the record for error prejudicial to him, and have found none. It follows that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is
AFFIRMED.
All the Judges concur.