(117 So. 500)

## BURLESON v. STATE. (6 Div. 333.)

Court of Appeals of Alabama. June 12, 1928.

Rehearing Denied June 26, 1928.

J. D. Acuff, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., and J. J. Curtis and J. M. Pennington, all of Jasper, and Leo H. Pou, of Mobile, for the State.

RICE, J. Appellant was convicted of the offense of rape, and given a sentence to serve a term of ten years' imprisonment in the penitentiary.

The state's evidence tended to prove the following state of facts:

"Appellant, with whom was one Holliday and one Fowler, while riding in appellant's automobile, overtook, late in the afternoon, one Robert I. McClure and his wife, Constance McClure, who were walking, on the public highway, at a point near Hamilton, in Marion county. The McClures, being invited to ride, got into appellant's automobile, and the party of five proceeded along the highway, in the general direction of Jasper, in Walker county. Congeniality reigned among the company, a number of stops were made, and on two occasions of these stops appellant procured whisky, which was consumed by the several members of the group. The portion of the whisky drunk by Mrs. McClure was, forced down her throat by appellant, by means of his holding her nose and placing the whisky contained to her lips and pouring the whisky into her, so to speak. Some time after night had fallen, and when the party had reached a point on the highway near Eldridge in Walker county, Robert I. McClure was induced to leave the car temporarily by means of the pretext by appellant that a tire on the automobile had 'blown out,' or was punctured, and while on the ground near the car, the said Robert I. McClure was struck over the head by appellant, and dazed, and before he could recover himself his wife, Constance, was placed in the car by appellant, who rapidly drove her away from that

point, against her will, and over the frantic protests of her helpless husband. Appellant, the said Holliday and Fowler being with him at the time, drove the car, containing Mrs. McClure, an unwilling, but rather drunk, passenger, off from the main highway and up a mountain side road to a place some distance from Eldridge, where he turned it around and stopped it. He proceeded at once to climb from the front seat, where he was driving, back over upon Mrs. McClure, who was riding upon the rear seat, the car being what is known as an Essex Coach. At this point both Holliday and Fowler betook themselves from the scene, and proceeded away from there, on foot, back down the mountain road up which they had just been driven by appellant—Holliday, upon leaving, remonstrating with appellant that what he was about to do 'was rape.'

"There, near the mountain crest, on the dark and lonely country road, this appellant, by sheer force and against her will, gratified his unholy lust upon the struggling body of the wife of Robert I. McClure, while the helpless husband frantically tried in the darkness of the highway, far below, to get first one and then another of the passing motorists to take him up and carry him in search of the captured Constance. Her rape complete, Constance McClure was brought back down the mountain by appellant, and ruthlessly put out on the roadside, in a condition either of unconsciousness or which quickly changed into unconsciousness, where, shortly thereafter, she was found, in the darkness, by her distracted husband. Appellant went on his way, unpursued save by the certain nemesis of an outraged law."

All this, and more, the evidence on behalf of the state, tended to prove, and the jury, it appears, believed its essential features.

The testimony on behalf of the defendant was in many respects in agreement with that on behalf of the state. The conflict was only in what may be considered the essential or vital particulars. Stated otherwise, his testimony tended to show that, while he did, so to speak, abduct Mrs. McClure from her husband, by quickly and rapidly driving his car, with her in it, away from the point on the highway where Robert I. McClure was induced by his ruse to leave it temporarily, yet this action was by prearrangement and agreement between him and Constance McClure; she having stated to him that he might have intercourse with her if he would get her away from her husband. Likewise, his testimony was to the effect that Constance McClure requested that he get the whisky, and that she drank voluntarily of it as much and as often as the other members of the party, all of whom drank some of the whisky. As to whether or not appellant "forcibly ravished" Constance McClure, as she testified he did, his testimony was to the effect that he did not have sexual intercourse with her at all, without which, of course, the offense could not be committed, but that, after he had stopped his car and climbed over upon Mrs. McClure, all, as he says, with her consent, she vomited upon him, and "cooled

his passion," and he desisted without accomplishing his purpose. While not considered by us as an essential feature of the testimony, yet we note that appellant also denied striking the said Robert I. McClure just before or at the time of driving away with the said McClure's wife in his car.

What we have said hereinabove, while in no sense an exhaustive summary of the evidence or its tendencies, is yet, we think, fairly stated, and sufficiently full and complete to furnish an intelligent background for what we shall have to hereinafter say.

Appellant, on his trial, was represented by counsel appointed by the court, and we believe we ought to say that it is to the lasting credit of the legal profession that the able lawyer thus serving, without the thought or prospect of compensation, displayed a degree of zeal, energy, and ability seldom equalled in the conduct of any criminal case. Even on appeal, and for the convenience of this court, and the benefit of his unremunerative client, he has, while not required to do so, commendably exercised the right to make 105 assignments of error, and has ably argued such of them as are not patently without merit in a brief consisting of more than 30 typewritten pages. A study of the record, as well as the brief of appellant's industrious counsel, convinces us that no other questions than those argued in said brief are of sufficient importance to be noticed by us. So we will undertake to treat, briefly, the questions argued.

■ The granting of a continuance of a cause is within the discretion of the trial court, and the refusal of the trial court to grant a petition therefor is not revisable on appeal. Carr v. State, 104 Ala. 4, 16 So. 150; Biddle v. State, 20 Ala. App. 49, 100 So. 572. A gross abuse of any discretion reposed in the trial court, when it clearly appears from the record, is always a matter that this court has authority to revise, but evidence of any abuse of the trial court's discretion in the regard under consideration in this case is entirely lacking.

A fair construction of the evidence shown by the bill of exceptions reveals that the venue of the alleged crime as being in Walker county was satisfactorily shown thereby.

■■ The scope of the cross-examination of the state's witnesses Robert I. McClure and Constance McClure was not, we think, unduly restricted by the learned trial judge's rulings. Whether the defendant should be allowed to bring out evidence of the matters about which they were sought to be interrogated was, in the first place, a question that addressed itself in large part to the discretion of the trial court. It clearly appears that he committed neither error nor abuse of his discretion in this regard, since a careful inspection of the things "offered to be shown" by appellant in this connection reveals that

none of them, even if allowed in evidence, would have had any tendency to discredit the testimony of either of these witnesses, or to have shown the consent of Constance McClure to the act of intercourse which appellant testified he did not have.

In addition to giving some 41 written charges at appellant's request, the learned trial judge, as the record amply shows, gave careful thought and much painstaking effort to his unusually full, clear, and accurate oral charge. The written charges given, in connection with the splendid oral charge, covered ably and accurately and correctly every conceivable phase of the law applicable. This renders it unnecessary for us to consider, seriatim, the written charges which the court refused to give at appellant's request. We have studied them carefully, and in each instance where there is shown a semblance of propriety in the giving of the charge under consideration, we find the principle of law contained therein to have been fully given to the jury in some of the other instructions, either written or oral, of the court.

The record gives unmistakable evidence that the case was well and ably tried. The appellant well and ably defended. There is nowhere apparent any prejudicial error, and the judgment is affirmed.

Affirmed.