(132 So. 708)

## BAKER v. STATE.
### 8 Div. 126.

Court of Appeals of Alabama.
March 3, 1931.

D. L. Rosenau, Jr., of Athens, for appellant.

Thos. E. Knight, Jr., of Montgomery, for the State.

BRICKEN, P. J.

This appellant was tried and convicted upon an indictment which charged grand larceny; the specific offense charged was the larceny of an automobile of the value of $100, the personal property of G. W. Miller, etc.

The corpus delicti was proven without dispute; as to this proposition, no question is raised on this appeal.

No brief has been filed in behalf of appellant, but we gather from the record that the refusal of the court to grant a new trial is relied upon principally to effect a reversal of the judgment of conviction from which this appeal was taken.

Pending the trial but two unimportant exceptions were reserved to the court's rulings, and these related to the admission of evidence. These exceptions were wholly without merit and need no discussion.

Four special charges were refused, two of which were the affirmative charges. These charges were properly refused as the evidence relating to the commission of the offense and the perpetration thereof by this appellant, or his participation therein, was in conflict, therefore the court was without au-

thority to direct a verdict; the question of the guilt or innocence of the accused being for the jury to determine. The remaining two refused charges A and C were also properly refused. These charges, under the evidence, were abstract, as there was no evidence in the case showing or tending to show that this appellant was intoxicated or drunk to the extent as to incapacitate him from forming a specific design or felonious intent. On this question the defendant himself testified, "I didn't get drunk." It is the law that drunkenness may under certain degrees and circumstances render the accused incapable of forming the specific intent which is a material ingredient of the statutory crime, but in this case there was no semblance of testimony to bring this case within this rule. Here, as stated, this rule has no applicability. It is also the law that drunkenness, of itself, when voluntarily produced, does not excuse or palliate an offense.

The foregoing insistences of error were incorporated in the motion for a new trial. There were numerous other grounds assigned in the motion, but, so far as is shown by this record, nothing was offered to sustain them, and this court will presume that the trial judge properly performed his duty in this connection unless the contrary clearly appears.

We are of the opinion that the trial judge carefully safeguarded every substantial right of the accused upon the trial of this case. The oral charge was fair, clear, and explicit. After conviction by the jury, the court imposed the lowest penalty the law allows. There appears no incident of the trial of which this appellant could properly complain. The evidence we think was ample to justify the jury in the verdict rendered. No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.