48 So.2d 261

### FORTENBERRY v. STATE.
### 7 Div. 56.

Court of Appeals of Alabama.
June 20, 1950.

Rehearing Denied Aug. 8, 1950.

Roy D. McCord and Ernest E. Parker, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of arson in the second degree, an offense denounced by Section 24, Title 14, Code of Alabama 1940.

One of the alternative offenses created by Section 24, supra, is that any person who willfully burns or causes to be burned, with intent to defraud, certain named property, owned by himself, shall be guilty of arson in the second degree.

The indictment against this appellant, omitting the formal parts, charges that he, "with intent to defraud, set fire to or burned, or caused to be burned, or aided or procured the burning of a store building, belonging to himself."

The count follows the language of the statute, and likewise follows in substance the form for such indictment provided for in the code. Section 259, Title 15, form 10, Code of Alabama 1940. The court therefore properly overruled the demurrer to the indictment. Lee v. State, 25 Ala.App. 488, 150 So. 167, certiorari denied 227 Ala. 334, 150 So. 169.

The evidence presented by the State was abundant in its tendencies supporting the verdict of guilty rendered by the jury. No evidence was offered by the defense.

Two State witnesses, Meeks and Johnson, testified that the appellant had promised to pay them $50.00 for burning a store owned by him, and had told them where a can of gasoline would be placed for their use in this operation. Both witnesses testified that they set fire to the building pursuant to their understanding with the appellant.

Coy Dobbins, another witness for the State, testified he was at the scene of the fire and heard appellant tell a Mr. Young, who leased the burned building from appellant, that he had $500.00 worth of insurance on the building and that if he, Young, would just lay quiet he would split the insurance with him.

The State also introduced a written signed statement, confessory in nature, made by appellant to officers during the investigation of this fire, the voluntary character of the statement being established prior to its introduction.

One of the points argued in appellant's brief is that the court erred in denying appellant's written request for the affirmative charge because of the failure of the State's evidence to show that the insurance referred to throughout the testimony was fire insurance.

It is true that in the trial below there was considerable testimony tending to show that appellant did have insurance on the building, and in no instance was such insurance described as fire insurance, yet we think the following quotation from appellant's confession would rationally necessitate the jury to reasonably infer that the insurance mentioned was fire insurance: "I own the property where the fire occurred known as Roy Gilliland's garage and store. In December 1947 I was operating the store, and on or about December 30th I bought some insurance on this building and my stock from Coker-Barnes Insurance Agency in Gadsden. I insured the building for $1500.00, both store building and garage building, and the stock in the store building for $500.00. On January 26th 1948, I sold my stock in this store to Mr. J. T. Young, also leased him this building for $50.00 per month. * * * About two weeks before this place burned I was at Mr. Young's store and Mr. Young told me that I had paid the insurance premium and that he was in a tight—that he had between Three and Four Hundred Dollars out and could not collect it, and that he had to do something, that he wanted to get out of the business and go back to Texas. At this time Mr. Young told me that he would give Fifty Dollars to get the building destroyed. He also told me that I could get enough of my insurance to replace my building and that I could collect the insurance on the stock of groceries and give it to him. At that time I told him I was afraid to burn it because I would get into trouble. He asked me then if I didn't know someone that would want to make some easy money, and I told him I didn't know. Then Young mentioned Johnson and Meeks and said they were both in a tight. Young asked me to see these boys about this, and I agreed to ask the boys about the burning."

No error therefore resulted in the court's refusal of defendant's request for the affirmative charge on this ground.

After Mr. J. J. Barnes, of the Coker-Barnes Insurance Company, had testified for the State that his company had issued an insurance policy to appellant, the Solicitor called upon the appellant to produce the original policy. In this connection the record shows the following:

"Mr. Randall: The State at this time calls upon the defendant, Orval D. Forten-

berry, to produce the original insurance policy on this building.

"Mr. McCord: In the trial of a criminal case, if the Court please, the State never has the right to call on the defendant to produce anything.

"Mr. Randall: I know that, but I want to get it in the record.

"Mr. McCord: There is no record on that, because the defendant has remained absolutely silent. We're not called upon to say yes or no, any more than we are called upon to put him on the witness stand and let him make a statement.

"The Court: There's nothing for me to rule on.

"Mr. McCord: Sure.

"The Court: I say, there's nothing for me to rule on.

"Mr. McCord: Not a thing, your Honor. I just wanted to tell my friend that.

. "Mr. Parker: If the Court please, we ask for a mistrial, on the ground that the Solicitor has been highly prejudicial, in that he has called upon the defendant to produce evidence that he is not called upon to produce, and I believe it is highly prejudicial to his rights, and we move for a mistrial.

"The Court: I overrule the motion for a mistrial.

"Mr. Parker: We except.

"The Court: The State can't compel the defendant to produce evidence against himself."

 The above action by the Solicitor was of course irregular. The court however, by its rulings, sustained appellant's contentions. No testimony of any sort was required of the appellant. In addition, the undisputed evidence shows that an insurance policy was issued to appellant by the Coker-Barnes Insurance Company. We do not think, in view of the action of the court in the premises, and the undisputed evidence showing that appellant had procured the policy demanded by the Solicitor, that the substantial rights of this appellant were probably injured to any degree that would require a reversal of this case because of the above incident. Sup.Ct.Rule 45, Code 1940, Tit. 7 Appendix.

The trial court gave a full, able, and fair oral charge to the jury. Appellant's counsel attempted to interpose an exception to certain portions of the charge. These efforts were abortive since the attempted exception was by description and reference to the alleged objectionable portions of the charge, and not in form to enable a review.

No error resulted from the refusal of appellant's requested charge No. 3. This charge is incorrect in its statements of the legal principles pertaining to the statutory offense of arson in the second degree.

We have examined the rulings of the court relative to the admission or rejection of evidence. In no instance was the substantial rights of this accused probably injured. These rulings involve long settled principles, and in our opinion do not invite discussion.

Affirmed.