96 So.2d 680

### George Perry STREET

v.

### STATE.

8 Div. 751.

Court of Appeals of Alabama.

Nov. 13, 1956.

Rehearing Denied Jan. 15, 1957.

Reversed on Mandate Aug. 13, 1957.

Howell T. Heflin and Chas. E. Carmichael, Jr., Tuscumbia, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, omitting the formal parts, charged in count 1 that appellant,

"Willfully set fire to or burned, a dry cleaning building, the property of Maurice Blackwell and Sara Blackwell, not within the curtilage of a dwelling."

The charge in count 2 is that appellant wilfully set fire to, burned, or aided or procured the burning of "a shop, to-wit: A dry cleaning establishment the property of another, viz. Maurice Blackwell and Sara Blackwell," etc.

The defendant was by a jury found guilty as charged, and was sentenced to the penitentiary for a term of four years.

■ Count 2 of the indictment follows substantially the language of the statute, as well as the form provided for in the Code, Title 14, § 24; Form No. 10, Title 15, § 259, Code 1940, and was not demurrable. Fortenberry v. State, 35 Ala.App. 426, 48 So.2d 261.

■ We are of the opinion the provisions, both in the statute and in the form provided by the Code, supra, for the designation of the building as not being within the curtilage of a dwelling, have reference to the buildings named in the statute just before the provision, and not to the class of buildings set out in the separate clauses following this provision. The failure to describe the shop as not within the curtilage of a dwelling did not, as contended by appellant, render said count so vague, indefinite and uncertain as to make it impossible to determine whether it charged arson in the first or in the second degree.

Defendant's motion for a continuance was refused by the court. The motion sets forth that appellant was first put to trial on said charge on June 22, 1955; that on June 24 a mistrial was entered when the jury was unable to reach a verdict; that the case was reset for trial June 27; that because his counsel was engaged in the trial of numerous other cases they had not had adequate time to prepare his case for retrial; that certain newspaper accounts of the first trial were prejudicial to him; that certain State's witnesses appeared in an intoxicated condition and created a scene in the court room; all of which would deprive the defendant of a fair and impartial trial.

■■ The question of the granting or refusing of a continuance rests largely within the sound discretion of the trial court and the exercise of such discretion is not reviewable except for gross abuse. We find no evidence of abuse of discretion in this case. Burleson v. State, 22 Ala.App. 526, 117 So. 500; Wyatt v. State, 35 Ala. App. 147, 46 So.2d 837.

■ " 'In arson, the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by accidental and natural causes must be satisfactorily excluded, to constitute sufficient proof of a crime.' " Daniels v. State, 12 Ala.App. 119, 68 So. 499; Carr v. State, 16 Ala.App. 176, 76 So. 413.

■■ If the evidence presented by the State affords an inference that the fire was not accidental but was of incendiary origin, the result of human agency, it is sufficient to establish the corpus delicti. Cunningham v. State, 14 Ala.App. 1, 69 So. 982. The guilt of the defendant may be proven by circumstantial evidence as well as by direct evidence. Whatley v. State, 37 Ala. App. 706, 75 So.2d 182.

The testimony for the State tends to show that a fire occurred at a dry cleaning establishment owned and operated by Mr. and Mrs. Maurice Blackwell in the City of Sheffield on Sunday night, November 28, 1954.

Mr. Taylor, the Fire Chief of the City of Sheffield, testified that after the fire was extinguished he could identify the fumes of gasoline in a pasteboard box containing papers in the office of the plant, and on a window sill where the panes were broken. A can containing about a gallon of gasoline was found in the alley, directly in front of and about 20 feet from the window. This can was introduced in evidence. Other firemen and policemen testified to substantially

the same state of facts as was testified to by Mr. Taylor.

Mr. and Mrs. Blackwell described the area within the establishment where the fire occurred. According to their testimony the fire was confined to the office of the establishment. The office was in the back portion of the building and contained a filing cabinet, a table and a pasteboard box containing cancelled checks and other papers. Theron Blackwell, Maurice Blackwell's brother, also used the office in paying off his employees.

Douglas Rithmire testified he sold appellant two gallons of gas and loaned him the gas can introduced in evidence sometime before the fire on Sunday night. At that time the appellant appeared to be under the influence of intoxicants.

Mr. James Appleton testified that early Sunday evening witness, appellant and Robert Hewlett left the restaurant of Oscar Frank and rode around the streets of Sheffield in an automobile, with witness driving. That they had been drinking at various times during the day. That appellant went to Brook Service Station and returned in a few minutes with a can of gasoline. After pouring some of it into the gas tank of the automobile, appellant got back into the car and set the gas can on the floor. Upon arriving in the vicinity of the cleaning establishment appellant directed witness to stop the car at the entrance to the alley directly behind the Blackwell building. Appellant got out of the car and took the can with him and said he was going to set something on fire, but didn't say what it was. Witness picked appellant up about an hour later at Red Brewer's and took him home. At that time appellant said he had been paid to burn Blackwell's place.

Robert Hewlett testified to substantially the same facts as those testified to by Appleton. He stated that when appellant got out of the car with the gas can at the entrance to the alley he said something about there was going to be a fire, and witness told him he was "a damn fool if he did it."

After this conversation appellant proceeded down the alley leading behind the cleaners.

After proper predicate was laid a written statement signed by appellant was introduced in evidence. In the statement appellant admitted that he broke a window at the Cleaners, poured the gasoline inside and threw a lighted match into the gasoline. He stated he told Oscar Frank he would set fire to the building for $500 and that Frank gave him $25 and said he would give him the rest later.

Brief of counsel sets out the contention of defendant, as follows:

"The appellant contended in defense that it would have been an impossibility for the fire to have occurred in the manner in which the State in their evidence claimed that it started and that it would have been impossible for it to have occurred according to the statement of the defendant which was introduced as a confession. There was evidence in the case that Theron Blackwell was having income tax trouble with the federal government and the physical facts of the case indicated that practically the only thing other than the wall and the doors that were burned were the papers in a filing cabinet and in a box. In this box there were various checks, records, and some income tax papers. The appellant's contention was that it was an inside job and that someone who wished to destroy income tax records caused the fire."

■ It is our opinion that the evidence presented a question for the jury to determine and was sufficient to sustain the verdict. Therefore, there was no error in the court's action denying the defendant's motion to exclude the State's evidence on the ground the corpus delicti had not been proven, nor in refusing to give the general affirmative charge or in denying the motion for a new trial on the ground the verdict of the jury was contrary to the evidence.

■ The defendant did not testify in the case. During the course of his argument

to the jury the county solicitor stated: (1) "There is not one iota of testimony that he has denied this testimony" and (2) "Has anyone taken the stand and denied that the defendant signed this statement?"

Defendant's objection to this argument was overruled and his motion for a mistrial was denied.

Counsel asserts in brief that as the solicitor was making these statements he held in his hand a written statement which had been introduced in evidence as the signed confession of defendant. The main insistence for a reversal is that these remarks were comments upon defendant's failure to testify, in violation of Section 305 of Title 15, Code 1940, which section permits the accused, at his own request, but not otherwise, to testify as a witness in his own behalf, and concludes with this language: "And his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel."

For a collection of cases relating to comments by solicitors on defendant's neglect or failure to testify see Everage v. State, 33 Ala.App. 291, 33 So.2d 23; Welch v. State, 263 Ala. 57, 81 So.2d 901; also for annotation as to what amounts to violation of statute forbidding comment by prosecuting attorney on failure of accused to testify, see 68 A.L.R. 1108.

It is generally held that a statement by the solicitor to the effect that certain of the State's evidence was uncontradicted or undenied is not a violation of the statute. Littlefield v. State, 36 Ala.App. 507, 63 So. 2d 565; Coats v. State, 257 Ala. 406, 60 So. 2d 261; Welch v. State, 263 Ala. 57, 81 So. 2d 901.

It is argued in brief of appellant's counsel that Prince v. State, 93 Miss. 263, 46 So. 537, is "an almost exact case in point." In that case the solicitor said: "'Gentlemen of the jury, he confessed the killing of McAlister to Will Jones; and that confession.

stands uncontradicted before you today'". However, the Supreme Court of Mississippi in reversing the lower court said that the effect of the observation was a comment on the defendant's failure to testify, "since no one could have contradicted the fact that the confession was made except the defendant, inasmuch as the record shows that no one was present when the defendant confessed to Will Jones."

In State v. McClain, 208 Minn. 91, 292 N.W. 753, 754, this question was before the Supreme Court, and the court there said:

"Nothing said by the county attorney can fairly be construed as an allusion to defendant's failure to testify. Defendant's written statement had been taken long months before the trial, in the presence of the county attorney, the sheriff, and two deputies. The sheriff and two deputies testified. In a setting of such facts and so many witnesses, the county attorney was within his rights in saying that nobody had 'denied anything that is in this statement.' The special subject of that remark was defendant's statement in the confession to the effect that nobody had 'abused' him in procuring it. It was also proper to emphasize that no one had denied that defendant had signed the statement. (He had subscribed each of its eight pages.)"

In the instant case the defendant's statement was taken in the presence of the sheriff and two city policemen. The two policemen testified on the trial.

We are of the opinion the case most nearly in point to the one at bar is that of Miller v. Commonwealth, 153 Va. 890, 149 S.E. 459, 461, 68 A.L.R. 1102. In that case it was proved by the testimony of Leo Honaker and Everett Honaker that accused told them he had had sexual intercourse with the prosecutrix. The accused did not testify. In argument, the prosecuting attorney, in referring to the testimony of these two witnesses, said: "'No witness has gone upon that stand to deny the statements made to Leo Honaker and Everett Honaker that

the defendant had had intercourse with Hattie Lee Honaker.'" The Supreme Court said: "Let us analyze the remark of the commonwealth's attorney and endeavor to discover whether is should be held to be a proper reference to the testimony of Leo Honaker and Everett Honaker, or whether it should have been condemned as improper comment in fact upon the failure of the accused to testify. Is it any more, in substance, than urging the jury not to disbelieve these witnesses, and adding as a reason for believing them that they had not been contradicted? This, as it seems to us was the substance of the remark objected to, and, inasmuch as the remark was true, i. e., that their testimony had not been contradicted, there can be no valid exception to it."

The court said further: "Before the statute, the accused could not testify. It is now his privilege to testify, but it is his right to stand mute. His liberty of choice must be fully accorded him, and cannot be made the subject of comment; but the restraint of the statute cannot be extended so as to prevent proper comment and emphasis upon the testimony of other witnesses simply because it could only be contradicted by the accused and he stands mute. Though the silence of the accused may not be the basis of an argument for or support his conviction, his silence neither weakens nor minimizes the significance of testimony tending to show his guilt, nor does it restrain comment upon such other testimony."

We think the foregoing statements by the Virginia Court fully answered appellant's contention as to the solicitor's statements here, and we conclude that such remarks were not a reference to accused's failure to testify, but were comments on the fact that certain testimony of witnesses for the prosecution had not been contradicted.

Refused charges 2, 3, 4, and 5 were abstract under the evidence and properly refused. There was no evidence tending to show that appellant was so under the influence of intoxicating liquor that he was incapable of forming a specific design or intent to commit arson. Baker v. State, 24 Ala.App. 215, 132 So. 708.

Refused charge 6 was covered by given charge 7.

Charges 10, 11, 12 and 13 assert incorrect principles of law. Injuring or defacing a private building, denounced under Section 80, Title 14, Code 1940, is not an "includable lesser offense under an indictment for arson in the second degree," as asserted in said charges. Other charges refused to defendant assert incorrect principles of law or were adequately and fairly covered by the court's oral charge or charges given at defendant's request.

There being no reversible error in the record the judgment is affirmed.

Affirmed.

BONE, J., dissents.

PER CURIAM.

Reversed and remanded on authority of Street v. State, 8 Div. 898, 266 Ala. 289, 96 So.2d 686.