The appellant was indicted by the Chambers County Grand Jury for the murder of J.B. Sims in violation of § 13A-6-2, Ala. Code 1975.
She was found guilty of manslaughter and sentenced to five years' imprisonment.
Police Sergeant Arthur Dykes testified that he responded to a call to investigate a shooting at a residence. At the residence he was met by the appellant, who was crying and asking for help for the victim. The victim was lying in the bedroom and a small caliber pistol was on the nightstand. Sergeant Dykes read the appellant her Miranda rights and asked her, "Who did this?" Appellant answered "I did."
 I
Appellant contends that the State did not prove the chain of custody of the bullet and pistol which were admitted into evidence as exhibits 10 and 11. The general rule is that to establish a sufficient predicate for the admission into evidence of an item, it must be shown that there was no break in the chain of custody. Whetstone v. State, 407 So.2d 854
(Ala.Cr.App. 1981).
However, to warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved *Page 164 
to an absolute certainty, but only to a reasonable probability that the object is the same as, and not substantially different from, the object at the commencement of the chain. Sexton v.State, 346 So.2d 1177 at 1180 (Ala.Cr.App. 1977), and cases cited therein.
In this case, the body of the victim was received by the Department of Forensic Sciences in the same condition as it was when first taken into custodial care. Dr. Thomas Gilford testified that he removed a bullet from the body and turned over the bullet to Mr. Lonnie Hardin, the firearms expert for the State. The bullet was produced by Mr. Hardin at trial and marked as exhibit 10. We find that the chain of custody of this exhibit was well proven and clearly presented at trial, and the court properly overruled the objection to its admission.
There was testimony from officer Dykes that he delivered the pistol, marked exhibit 11, to the toxicology lab in the same condition as it was when he received it at the scene of the crime.
The exhibit was produced at trial by Mr. Hardin, who testified concerning tests he had performed on the pistol. Testimony as to his receipt of the pistol from the person who accepted it at the toxicology lab is omitted from the record.
However, in following Sexton, supra, we are unable to find any evidence whatsoever adduced at trial to indicate that the exhibit is not in the identical condition it was in at the time of its receipt at the scene of the crime, and, thus, we find no error in its admission.
 II
Appellant contends that the trial court was in error in its denial of his motion for continuance.
Based on well established case law in this State, appellant can defend his contention only by showing the trial court grossly abused its discretion in denying the motion. Street v.State, 39 Ala. App. 190, 96 So.2d 680 (1957); Graham v. State,403 So.2d 275 (Ala.Cr.App. 1980), writ quashed, Ex parteGraham, 403 So.2d 286 (Ala. 1980); United States v. Smith,591 F.2d 1105 (1979).
The court, on May 4, granted appellant's motion to compel discovery of the names of witnesses to be called by the State. The State complied with the order of the court on that date, submitting a list of all witnesses known by the State at that time.
On the day of the trial, May 7, the State added to its response to the order the names of three newly discovered witnesses that might be called. The substance of the testimony expected from the witnesses was revealed to appellant's counsel. Only one of those witnesses was actually called to testify.
Prior to trial, the appellant moved for a continuance in order to investigate the testimony of the witnesses and better prepare his case. The court denied the motion. No evidence was offered in the motion for new trial that showed counsel would have been better prepared if more time had been granted. Murphyv. State, 399 So.2d 340 (Ala.Cr.App. 1981), cert. denied, Exparte Murphy, 399 So.2d 347 (Ala. 1981).
We find no gross abuse of discretion by the trial court in its action.
 III
Appellant contends that the trial court erred in not charging the jury on the law on the lesser included offense of negligent homicide. The court will not address this contention, as it was not preserved for review. A written request for the charge was not made by appellant, and, thus, there could not have been a denial of the charge by the court. A denial by the trial court is a requirement of appellate review thereof. We thus find this contention to be without merit. Miller v. State, 405 So.2d 41
(Ala.Cr.App. 1981).
The decision of the lower court is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 165