ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In his brief in support of the application for rehearing counsel for appellant continues to insist that the trial court was in error in not granting his motion for continuance that was made upon the call of the case for trial, which issue was raised by appellant and decided adversely to appellant in the opinion rendered on original submission. Counsel for appellant now states:
“This Honorable Court has apparently missed the contention of Appellant. First, the testimony of Mr. Poke was not beneficial to the Appellant. Mr. Poke *586 was not called upon to testify for the purpose of what was said as to the altercation, but he was called to testify, as he had previously told defense counsel, that the victim had a reputation of fighting when he was drinking. (It should be remembered that the victim was highly intoxicated on the night in question.) Secondly, the Court is incorrect in their assessment because the motion for continuance was made in hopes of securing another witness to testify as to the reputation of the victim. This may or may not have been possible, but the Defendant should have been allowed the opportunity.
“Appellant agrees with the Court that Mr. Poke’s testimony would not have been different at a later trial. However, this is just the point that Appellant made to the trial judge.
“Appellant believes that the cases cited in his original brief, and which will be cited again in this Rehearing, state that Appellant was denied a fair trial because of Mr. Poke’s change of testimony, which was totally a surprise to counsel, and certainly unexpected.
“The motion for continuance was based upon the fact that a defense witness named Walter Poke was to be called to the stand to testify as to the bad reputation of the victim specifically that when the victim got intoxicated he liked to fight. This evidence would have been crucial to the defense of the case. The defense of the case being that of self-defense and a provoked heat of passion manslaughter defense.
“In effect, counsel for Appellant was arguing surprise as a basis for his motion for a continuance. The witness, Walter Poke, had talked to counsel for Appellant on several occasions, the latest being in the late afternoon before the trial. The witness had always stated, without any hesitation or inconsistency, that he knew that the deceased engaged in fighting when he was drunk, and even knew of two specific instances to substantiate this testimony (R. 162).
“Mr. Poke acknowledged when he testified that he had talked to counsel for Appellant, and that counsel for Appellant had asked certain questions involving the deceased’s habit for fighting when he was drunk (R. 161, 162).
“On the morning of the trial, counsel for Appellant was reviewing the testimony with Mr. Poke, and Mr. Poke stated that he didn’t want to testify. He said he didn’t feel like it. (R. 165, 167, 9, 10). “Counsel for Appellant called Walter Poke to testify even though counsel knew that his testimony would probably be unfruitful. However, this was the only chance we had since the motion to continue the case had been overruled. There was a hope that once he took the stand he might tell the jury that he had told counsel on previous occasions (TR. 154). However, such did not take place. It is obvious from the testimony of Walter Poke that he was evading the question of Appellant’s counsel and not being truthful. (R. 155-159,160-162,164-66).”
The writer of this opinion, who also was the writer of the opinion on original submission, regrets that he has apparently missed some feature or features of appellant’s contention in his motion for a continuance, but he has no reason to believe that the trial judge missed any of the reasons set forth by counsel for defendant in support of his motion for a continuance. On the other hand, we are of the opinion that the trial judge fully understood the reasons set forth by defendant’s counsel for his motion for a continuance. We repeat what was stated by Judge Barron in Sims v. State, 428 So.2d 162, 164 (Ala.Cr.App.1982):
“Appellant contends that the trial court was in error in its denial of his motion for continuance.
“Based on well established case law in this State, appellant can defend his contention only by showing the trial court grossly abused its discretion in denying the motion. Street v. State, 39 Ala.App. 190, 96 So.2d 680 (1957); Graham v. State, 403 So.2d 275 (Ala.Cr.App.1980), writ quashed, Ex parte Graham, 403 *587 So.2d 286 (Ala.1980); United States v. Smith, 591 F.2d 1105 (1979).”
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.