Mark Randall Johnson was indicted in one count of first degree burglary in violation of § 13A-7-5(a)(1), Code of Alabama, 1975 and two counts of third degree burglary in violation of § 13A-7-5(a), Code of Alabama, 1975. At the close of the State's case, the State stipulated that the charge in the indictment should have been burglary in the third degree. The appellant was convicted of third degree burglary and sentenced to 40 years in prison as a habitual felony offender. The appellant asserts eight grounds of error on appeal.
The record indicates that the burglary at issue occurred on May 24, 1985. Edward Snell testified at trial that he left his home at approximately 2:00 p.m. that day to visit a friend. He returned home a few minutes before 8:00 p.m. that night. Snell testified that, when he returned home, he noticed that his basement door was open and the closet door in his back bedroom was open. Snell stated that the basement door had been broken open with a shovel. He testified that, when he looked in the closet, he realized that his .30 caliber, M-1 carbine rifle was missing. He also testified that one of the basement windows was broken. Snell positively identified the gun that was shown to him by the State as the gun that was missing from his closet after the burglary. He also testified that the serial number on the gun matched the number on the gun's NRA registration certificate.
Captain Reed Smith of the Shelby County Sheriff's Office testified that he interrogated the appellant on June 3, 1985, about the burglary, after he first read the appellant hisMiranda rights and the appellant signed a waiver of same. He testified that the appellant admitted that he committed the burglary and told him where he left the gun. He testified that the appellant told him that he had been in his stepmother's car on the day of the burglary. The appellant also told him that he wrecked the car early the next morning and left the gun in the car. Reed testified that the gun was recovered from the next door neighbor of the appellant's stepmother's ex-husband. Reed further testified that the appellant was living with his stepmother at the time of the burglary.
Captain Tommy Thomas of the Pelham Police Department testified as a fingerprint expert for the State and stated that a fingerprint recovered from the broken window glass matched a print of this appellant's left index finger. *Page 343 
After the State rested, the appellant moved for a Judgment of Acquittal, which was denied. The appellant did not call any witnesses and rested his case.
 I
The appellant first contends that the trial court erred in denying his motion for a continuance because appellant's attorney had previously struck a jury from the same panel in an unrelated case in which another defendant pleaded guilty. The record indicates that appellant's counsel moved for a continuance on the ground that he was prepared to try the case for which he had previously struck a jury and that he was not aware that the State intended to proceed with this case until Wednesday of the previous week. The record also indicates that counsel was appointed to represent the appellant two and one half years prior to this trial.
The grant or denial of a motion for continuance is addressed to the sound discretion of the trial court. Howard v. State,506 So.2d 351 (Ala.Crim.App. 1986); Richardson v. State,476 So.2d 1247 (Ala.Crim.App. 1985); Sims v. State, 428 So.2d 162
(Ala.Crim.App. 1982). The denial of a motion for continuance will only be disturbed for a gross abuse of discretion.Richardson, supra, Sims, supra. The appellant has failed to show any abuse of discretion in the trial court's denial of the motion for a continuance.
 II
The appellant further contends that the trial court erred in failing to grant his motion for a new jury venire. He again asserts that the panel was prejudiced because appellant's counsel had previously struck a jury from the same panel in an unrelated case in which the defendant pleaded guilty.
"Absent some evidence of actual partiality, a juror is not disqualified merely because he previously sat in a similar case arising out of a separate and distinct set of circumstances."Roberts v. State, 472 So.2d 444, 445 (Ala.Crim.App. 1985), quoting Government of Virgin Islands v. Williams, 476 F.2d 771,773 (3rd Cir. 1973).
There is no allegation in this case that members of the jury panel even served on or were struck for a similar case. In the present case, certain members of the panel were allegedly chosen to sit on a jury in an unrelated case that ended with another defendant's guilty plea. This fact alone certainly does not indicate any prejudice or partiality on the part of any jurors.
Furthermore, the record does not indicate whether any members of this jury panel were actually chosen as jurors in the previous case. There is no evidence in the record that the jurors were biased or prejudiced. An appellate court cannot consider matters and allegations outside of the record.Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971); Hollinsv. State, 415 So.2d 1249 (Ala.Crim.App. 1982); Trest v. State,409 So.2d 906 (Ala.Crim.App. 1981).
The appellant has failed to show any bias or prejudice on the part of the prospective jurors. The trial court properly denied appellant's motion for a new venire.
 III
The appellant argues that the trial court erred in denying his motion for a mistrial because some of the jurors saw the appellant handcuffed outside the courtroom. The deputy responsible for transporting the appellant to and from the courtroom testified that one or two of the jurors were in a position to see the appellant in handcuffs when he was bringing him back to the courtroom after lunch. He also testified that he removed the appellant's handcuffs before he was brought into the courtroom.
"A sheriff who is charged with the responsibility of safely keeping an accused has a right in his discretion to handcuff him to and from the courtroom when the handcuffs are removed immediately after he is taken into the courtroom." Evans v.State, 338 So.2d 1033, 1037 (Ala.Crim.App. 1976), cert denied,Ex parte Evans, 348 So.2d 784 (Ala. 1977); Cushing v. State,455 So.2d 119 (Ala.Crim.App. 1984). (No error *Page 344 
occurred where the defendant was handcuffed in jury's presence immediately prior to exiting the courtroom).
The trial court properly denied the appellant's motion for mistrial.
 IV
The appellant asserts that the court erred in denying his motion for mistrial because of a juror's failure to advise the court whether or not his alleged friendship with a police officer would bias or prejudice him. The record indicates that, after the State began putting on testimony, appellant's attorney informed the court that he was told by a third party that one of the jurors responded affirmatively when asked if any jurors were friendly with police officers in general. Appellant's attorney also asserted that he was told that the juror was never asked whether this would prejudice him.
There is nothing in the record to support the appellant's argument other than the allegations made in the motion for mistrial. Furthermore, even though the appellant's attorney named the possibly prejudiced juror, he did not move the court to question the juror on this matter.
An appellate court's review is limited to matters contained in the record. Edwards v. State, 287 Ala. 588, 253 So.2d 513
(1971); Hollins v. State, 415 So.2d 1249 (Ala.Crim.App. 1982);Trest v. State, 409 So.2d 906 (Ala.Crim.App. 1981). The appellant also failed to cite any legal authority to support his argument and, therefore, the argument should be deemed waived. Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App. 1984).
 V
The appellant next contends that the trial court erred in admitting his confession into evidence because he was severely sunburned and unable to knowingly, intelligently and voluntarily waive his Miranda rights. He also argues that he was induced by hope of a benefit.
The voluntariness of a confession is a question of law addressed to the discretion of the trial court and the court's ruling will not be disturbed on appeal unless contrary to the great weight of the evidence or manifestly wrong. Hubbard v.State, 500 So.2d 1204 (Ala.Crim.App.), aff'd, 500 So.2d 1231
(Ala. 1986); cert. denied 480 U.S. 940, 107 S.Ct. 1591,94 L.Ed.2d 780 (1987). Tice v. State, 386 So.2d 1180
(Ala.Crim.App. 1980); Garrison v. State, 372 So.2d 55
(Ala.Crim.App. 1979). "The test for the voluntary nature of an extrajudicial confession or inculpatory statement is whether, in the light of all surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor." Seawright v. State,479 So.2d 1362, 1367 (Ala.Crim.App. 1985); Rogers v. State365 So.2d 322 (Ala.Crim.App.), cert. denied, 365 So.2d 334
(Ala. 1978).
Captain Smith testified on voir dire that, after he read the appellant his Miranda rights, the appellant stated that he understood them and signed a waiver. Smith also stated that the appellant answered his questions cognizantly and understood what he was saying. He testified that the appellant appeared to be normal and was not intoxicated. Reed also testified that, although he had spoken to the appellant on an earlier occasion when the appellant was severely sunburned, he did not think that the appellant was sunburned on the occasion in question. Reed testified that he spoke to the appellant about things in general and about the appellant and his future. Reed stated that he had known the appellant for quite some time.
After carefully reviewing the totality of the circumstances surrounding the confession, we find that the trial court did not commit error in admitting the appellant's confession into evidence at trial.
 VI
The appellant argues that certain remarks made by the court to defense counsel were prejudicial to the appellant. The record indicates that, when the appellant's attorney stated that he had not had an opportunity to review a document which the State's witness was using to refresh his *Page 345 
recollection, the court stated, "Mr. Causey, we went over this yesterday in court and I think it's inaccurate to say that you are not familiar with this because we specifically went over this yesterday in court. And I say that for the record." Appellant's attorney then stated, "For the record, I would submit to the record that the judge's remarks are improper and prejudicial to the defendant."
There is no indication in the record that appellant's attorney asked for any relief from these remarks by way of a motion to exclude or a motion for the jury to disregard. Furthermore, the appellant failed to invoke a ruling from the court. "In the absence of a ruling, a request for a ruling or an objection to the court's failure to rule, there is nothing preserved for appellate review." Moore v. State, 457 So.2d 981,988 (Ala.Crim.App. 1984), cert denied, 470 U.S. 1053,105 S.Ct. 1757, 84 L.Ed.2d 820 (1985). See also Stewart v. State,398 So.2d 369 (Ala.Crim.App.), cert. denied, 398 So.2d 376
(Ala. 1981).
Even if error had been properly preserved, we find that the remarks do not reflect any prejudice on the part of the trial judge. Lambert v. State, 55 Ala. App. 669, 318 So.2d 364 (1975).
 VII
The appellant also argues that the court erred by allowing the State to reopen its case to offer into evidence several exhibits which the State inadvertently failed to offer during its case. The record indicates that the motion to reopen was made before the appellant's motion for acquittal and before the appellant rested his case. The trial court has discretion to reopen a case at any time prior to the close of final arguments. Harper v. State, 420 So.2d 835
(Ala.Crim.App. 1982); Williams v. State, 364 So.2d 717
(Ala.Crim.App. 1978); Ala. Code § 15-14-4 (1975). The trial court did not abuse its discretion in allowing the State to reopen its case.
 VIII
The appellant finally asserts that the evidence is insufficient to sustain a conviction. A verdict will not be disturbed on the grounds of sufficiency unless "allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it is wrong and unjust." Johnson v.State, 378 So.2d 1164, 1169 (Ala.Crim.App. 1979), cert.denied, 378 So.2d 1173 (Ala. 1979); Morton v. State,338 So.2d 423 (Ala.Crim.App.), cert denied, 338 So.2d 428 (Ala. 1976). As is evident from the facts set out above in this opinion, there is sufficient evidence to sustain this appellant's conviction.
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 346 
[EDITORS' NOTE: PAGE 346 CONTAINS DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 927